**UNITED STATES of America,**

v.

**Harry S. STONEHILL, Ira Blaustein, Kai Hekker, Universal New York, Inc., and United States Tobacco Corporation, Defendants.**

**No. 64 Cr. 593.**

United States District Court
S. D. New York.

April 27, 1966.

Robert M. Morgenthau, U. S. Atty., for Southern Dist. of New York, New York City, for United States, Peter Fleming, Jr., Asst. U. S. Atty., of counsel.

Royall, Koegel & Rogers, New York City, for defendant Harry S. Stonehill,

Wyllys S. Newcomb, Norman Ostrow, New York City, of counsel.

WEINFELD, District Judge.

██ The papers on this motion by defendant Stonehill leave no room to doubt that from December 1961 to March 3, 1962, when the first search warrants were issued and executed in Manila by the Philippine Government, representatives of the United States Government had received many papers and documents from Spielman who, whatever his motivation, had obtained them while serving as General Manager of the United States Tobacco Corporation in the Philippines and without instigation or aid of the United States representatives. Insofar as the motion may seek the return and suppression of documents obtained from Spielman prior to the searches on March 3 and thereafter, it is denied.[1]

With respect to photostats and copies of documents, books or records now in the possession of the government and based upon material seized by the Philippine authorities under the search warrants and made available to United States representatives for the purpose of copying, the government appears to concede that if its representatives significantly participated in or contributed to the claimed illegal searches in the Philippines, it may not become the beneficiary thereof and that the material may be suppressed.[2]

 The court has read the seven hundred page transcript of Robert Chandler's deposition, submitted subsequent to the argument of this motion, which originally was based primarily upon an affidavit of defendant's counsel. The latter moving affidavit, centering about the alleged activities of Chandler and other United States government agents

1. See Feldman v. United States, 322 U.S. 487, 490, 64 S.Ct. 1082, 88 L.Ed. 1408 (1944); Burdeau v. McDowell, 256 U.S. 465, 474–476, 41 S.Ct. 574, 65 L.Ed. 1048 (1921); Sackler v. Sackler, 15 N.Y.2d 40, 255 N.Y.S.2d 83, 203 N.E.2d 481 (1964).

2. See Birdsell v. United States, 346 F.2d 775, 782 n. 10 (5th Cir.), cert. denied, 382 U.S. 963, 86 S.Ct. 449, 15 L.Ed.2d 366 (1965); Johnson v. United States, 207 F.2d 314, 321 (5th Cir. 1953), cert. denied, 347 U.S. 938, 74 S.Ct. 632, 98 L.Ed. 1087 (1954). Cf. Lustig v. United States, 338 U.S. 74, 69 S.Ct. 1372, 93 L.Ed. 1819 (1949); Byars v. United States, 273 U.S. 28, 47 S.Ct. 248, 71 L.Ed. 520 (1927).

stationed in Manila, contains a plethora of unsupported charges resting upon assumptions, inferences and belief and, without more, would be insufficient to warrant a hearing.[3] Similarly, while the defense has distorted and exaggerated much of Chandler's testimony, a fair reading of the entire deposition indicates a hearing is required to determine whether Chandler and other government agents participated in the claimed illegal searches to such an extent that they became in effect searches by the Federal Government, even though conducted beyond the territorial limits of the United States.[4] As a general rule a hearing under Rule 41(e) of the Federal Rules of Criminal Procedure should be held in advance of trial in order to avoid unnecessary delay in or interference with the trial.[5] However, the instant case is unusual in that necessary witnesses are stationed in foreign countries, and were a hearing to be held in advance of trial and the movant's motion to suppress denied, the testimony of some of those same witnesses would again be required at the trial proper, thus involving duplicitous and unnecessary additional expense.

In the circumstances, the motion is referred to the trial court [6] subject to the following proviso: In the event the government, within twenty days, files a stipulation that it will not offer in evidence upon the trial any of the photostats or copies of the books, records or documents derived from the materials seized or obtained by the Philippine Government as a result of the warrants and searches made thereunder, or introduce any evidence derived therefrom, the motion is denied.

3. Cf. United States v. Casanova, 213 F. Supp. 654, 657 (S.D.N.Y.1963); United States v. Vomero, 6 F.R.D. 275 (E.D.N.Y. 1946); United States v. Stein, 53 F. Supp. 911, 912 (W.D.N.Y.1943).

4. Cf. Byars v. United States, 273 U.S. 28, 32, 47 S.Ct. 248 (1927). See also note 2 supra.

5. See Nardone v. United States, 308 U.S. 338, 342, 60 S.Ct. 266, 84 L.Ed. 307 (1939); Agnello v. United States, 269 U.S. 20, 34, 46 S.Ct. 4, 70 L.Ed. 145

(1925); United States v. Nicholas, 319 F.2d 697, 698 (2d Cir.), cert. denied, 375 U.S. 933, 84 S.Ct. 337, 11 L.Ed.2d 265 (1963).

6. See United States v. Lester, 21 F.R.D. 30 (S.D.N.Y.1957); United States v. Leiser, 16 F.R.D. 199 (D.Mass.1954); United States v. Johnson, 76 F.Supp. 538, 542 (M.D.Pa.1947). Cf. United States v. Klapholz, 230 F.2d 494, 497–498 (2d Cir.), cert. denied 351 U.S. 924, 76 S.Ct. 781, 100 L.Ed. 1454 (1956).