499 P.2d 269

**STATE of Utah, Plaintiff and Respondent,**

v.

**Kenneth Neal ALLGOOD, Defendant and Appellant.**

**No. 12728.**

Supreme Court of Utah.

July 18, 1972.

Bruce C. Lubeck, of Salt Lake Legal Defender Association, Salt Lake City, for appellant.

Vernon B. Romney, Atty. Gen., David S. Young and William T. Evans, Asst. Attys. Gen., Salt Lake City, for respondent.

CALLISTER, Chief Justice:

Defendant was convicted by a jury of the crime of robbery and was sentenced to a term prescribed by law to the Utah State Prison.

Defense counsel, in accordance with the mandate of Anders v. California,[1] has submitted a scholarly brief with detailed references to the record and relevant legal cita-

1. 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493, 498 (1967).

tions and has requested permission of this court to withdraw.

After a review of the record and reference to the legal authorities cited, we are in accord with the conclusion of defense counsel that this appeal is without merit and should be dismissed.

. Defendant was accused of robbing Wanda Downard while she was on duty as a clerk at a grocery store shortly prior to closing time. She was being assisted in certain cleaning operations by her 13-year-old daughter, Julie Ann. Defendant entered the store with a male companion and wandered about prior to the robbery. The store was well illuminated, and the witnesses had an opportunity to observe the men for approximately 20 minutes. The witnesses gave detailed descriptions of the men to the police. The incident occurred Saturday night, and the following Monday, Mrs. Downard, after observing approximately 200 photographs, identified defendant. Her daughter, without any coaching, selected the same photograph from the page her mother showed her. At the trial both witnesses positively identified defendant. Defendant testified that he had not committed

the robbery, but he was unable to recall his activities on the night in question. Based on the foregoing, the jury rendered a verdict of guilty.

Defense counsel discussed the only point which could arguably be submitted on appeal, namely, that the verdict was not supported by the evidence, and defendant was entitled to a new trial.

The primary disputed issue before the trial court was whether defendant was, in fact, the perpetrator of the robbery.

In State v. Danks,[2] this court stated that to set aside a jury verdict the evidence must appear so inconclusive or unsatisfactory that reasonable minds acting fairly upon it must have entertained reasonable doubt that defendant committed the crime.

In the instant action, after a review of all the evidence and the fair inferences to be drawn therefrom, reasonable minds could believe beyond a reasonable doubt that defendant was guilty; and, therefore, the verdict must be sustained.[3]

TUCKETT, ELLETT, HENRIOD and CROCKETT, JJ., concur.

2. 10 Utah 2d 162, 164, 350 P.2d 146 (1960).

3. State v. Mills, 122 Utah 306, 308, 249 P.2d 211 (1952); State v. Sullivan, 6 Utah 2d 110, 112, 114, 307 P.2d 212 (1957); State v. Berchtold, 11 Utah 2d 208, 214, 357 P.2d 183 (1960).