The STATE of Utah, Plaintiff
and Respondent,

v.

Franklin NEWBOLD, Defendant
and Appellant.

No. 12640.

Supreme Court of Utah.

Sept. 15, 1972.

Gregory L. Bown, of Salt Lake Legal Defender Assn., Salt Lake City, for defendant and appellant.

Vernon B. Romney, Atty. Gen., David S. Young, Asst. Atty. Gen., Salt Lake City, for plaintiff and respondent.

CALLISTER, Chief Justice:

Defendant was convicted by a jury of the crime of receiving stolen property and was thereafter sentenced to the Utah State Prison; however, he was granted a stay of execution and was placed on probation.

Defense counsel, in accordance with the mandate of *Anders v. California*,[1] has submitted a scholarly brief with detailed references to the record and relevant legal citations and has requested that this court grant him permission to withdraw.

A tenant's apartment was burglarized in the same building where defendant resided. Subsequently, defendant informed the victim that he might be able to recover the stereo set that was stolen. The tenant, thereafter, by means of an old stairway that had been constructed prior to the structure being converted to an apartment house, entered defendant's apartment during his absence, without permission, and observed the stereo equipment. The tenant recorded the serial numbers, returned to his apartment, and contacted the police. Based on this information, the police procured a search warrant; and upon finding defendant absent from the premises, entered his apartment by the same passageway the tenant had utilized. The police found the items listed in the search warrant, and upon defendant's return, he was placed under arrest for possession of stolen property.

On appeal, defendant contends that the verdict was not supported by the evidence and that he is entitled to a new trial.

To set aside a jury verdict, the evidence must appear so inconclusive or unsatisfactory that reasonable minds acting fairly upon it must have entertained reasonable doubt that defendant committed

1.  386 U.S. 738, 744, 87 S.Ct. 1396, 1400, 18 L.Ed.2d 493, 498 (1967).

the crime.[2] In the instant action, the verdict must be sustained on the ground that after a review of all the evidence and the fair inferences to be drawn therefrom, reasonable minds could believe beyond a reasonable doubt that defendant was guilty.

Defendant further asserts that the trial court should have granted his motion to dismiss, wherein he urged that the evidence seized pursuant to the search warrant was unlawful on the ground that the information to support the warrant was obtained through the illegal entry of the victim into defendant's apartment. Such action, he contends, contravenes the Fourth Amendment of the Constitution of the United States, which prohibits unreasonable searches and seizures.

*The protection of the Fourth Amendment is a restraint only upon the activities of sovereign authority and is not applicable to the searches and seizures by any persons other than government officers and agents.*[3]

The judgment of the trial court is affirmed.

TUCKETT, HENRIOD and ELLETT, JJ., concur.

CROCKETT, Justice (concurring in the result).

I concur in the result. The search was by a legal warrant issued on adequate and accurate information. We need not go beyond that as to whether under some circumstances there may be an "unreasonabe search" by others than "government officers." See Utah Constitution, Article I, Section 14.

---

2. See *State v. Allgood*, 28 Utah 2d 119, 499 P.2d 269 (1972).

3. *Burdeau v. McDowell*, 256 U.S. 465, 41 S.Ct. 574, 65 L.Ed. 1048 (1921); *Sackler v. Sackler*, 15 N.Y.2d 40, 255 N.Y.S.2d 83, 203 N.E.2d 481, 5 A.L.R.3d 664 (1964).