## MATTER OF CACHIGUANGO AND TORRES

### In Deportation Proceedings

A-21073898

A-21073899

*Decided by Board May 16, 1977*

(1) Respondents who are husband and wife were questioned by a Service officer as they disembarked from a domestic flight at Kennedy International Airport. They were subsequently charged with entering the United States without inspection and found deportable under section 241(a)(2) of the Immigration and Nationality Act.

(2) A stop and interrogation by an immigration officer at a location such as this, which is not the functional equivalent of the border must be based upon a reasonable belief derived from specific articulable facts that the person is an alien, rather than the mere fact of the person's foreign heritage. See Sec. 287(a)(1) of the Act, and *United States v. Brignoni-Ponce*, 422 U.S. 873 (1975). In this case respondents became alarmed and sought to avoid coming into proximity with the immigration officer. This furtive response in the presence of the immigration officer and the attempt to flee, taken together with the foreign appearance of respondents justified the officer's interrogation of them.

(3) The attempt of respondents to flee and evade the officer combined with the evidence of respondents' alienage and lack of immigration registration documents constituted justification for respondents' arrest without warrant under section 287(a)(2) of the Act.

(4) Admission and affidavit by female respondent that she and her husband had paid to be smuggled into the United States and entered without inspection, taken along with testimony of the immigration officer at the hearing as to their identity, established respondents' deportability by clear, convincing and unequivocal evidence.

CHARGE:

Order: Act of 1952—Section 241(a)(2) [8 U.S.C. 1251(a)(2)]—Entered without inspection (both respondents)

ON BEHALF OF RESPONDENTS:
Jules E. Coven, Esquire
Lebenkoff & Coven
One East 42nd Street
New York, New York 10017

ON BEHALF OF SERVICE:
Mary Jo Grotenrath
Appellate Trial Attorney

In a decision dated August 31, 1976, the immigration judge found the respondents deportable under section 241(a)(2) of the Immigration and Nationality Act as aliens who had entered the United States without inspection, and granted them the privilege of voluntary departure. The respondents appeal from the finding of deportability, alleging that it

was based upon evidence obtained illegally by Service officers. The appeal will be dismissed.

The respondents, husband and wife, are natives and citizens of Ecuador. They were questioned by Service officers as they disembarked from a domestic flight at Kennedy Airport in New York City, New York on February 13, 1976. The statements made by the respondents at this time led to their arrest. In the respective Orders to Show Cause, served on the respondents after their transportation to Service offices, they were charged with entering the United States without inspection.

At the hearing before the immigration judge, the respondents refused to identify themselves and stood mute, claiming a privilege under the Fifth Amendment. The Government called as a witness the Service investigator who had arrested the respondents. This investigator identified the respondents as the aliens he had questioned and arrested. He further identified the female respondent as the person who signed an affidavit after her arrest admitting that she and the male respondent had been smuggled into the United States. The respondents' counsel objected to the introduction of any evidence stemming from the interrogation and subsequent arrest, claiming that the initial confrontation was illegal, and that the statements of the respondents, as products of that confrontation, should be excluded from consideration by the immigration judge. The immigration judge overruled all objections to this evidence. He also refused to allow the respondents' attorney to cross-examine the Service investigator as to the reasons for his presence at the arrival point of a domestic flight, or the manner in which other aliens than the respondents were singled out for interrogation. On appeal, the respondents' counsel renews his objections to the introduction and admission of the statements made after the detention and subsequent arrest of the respondents.

Our survey of the record convinces us that the interrogation of the respondents by the Service officer was proper. The officer testified that while displaying his Service badge to other disembarking passengers, he noticed that the respondents became visibly alarmed and sought to avoid coming into proximity with him. He further testified that the general appearance of the respondents was foreign.

Under section 287(a)(1) of the Immigration and Nationality Act, a Service investigator has the power to interrogate without a warrant any person believed to be an alien as to his right to be or remain in the United States. With respect to interrogations which take place at locations, as in this case, which are not the functional equivalents of a border, the Supreme Court has imposed the requirement that a stop and interrogation be based upon a reasonable belief derived from specific articulable facts, other than the mere fact of foreign heritage, that the person is an alien. *United States* v. *Brignoni-Ponce*, 422 U.S. 873

(1975). A furtive response to the presence of an immigration officer, and an attempt to flee from the vicinity of that officer, constitute articulable facts which, taken together with the foreign appearance of a person, might reasonably give rise to a suspicion of alienage. *Au Yi Lau* v. *INS*, 445 F.2d 217 (D.C. Cir. 1971). The interrogation of the respondents, after they were observed trying to evade the immigration inspector, was therefore not improper.

At the hearing, the respondents' counsel sought to question the investigator as to the interrogation of other persons disembarking from the flight and as to his operations generally at Kennedy Airport. The immigration judge refused to permit this cross-examination on the ground that the respondents would not be allowed to make out a prima facie case of illegal Government activity by the testimony of a Government witness. Without addressing the correctness of the immigration judge's reasoning, see *Matter of Tsang*, 14 I. & N. Dec. 294 (BIA 1973); *Matter of Wong*, 13 I. & N. Dec. 820 (BIA 1971); *Matter of Tang*, 13 I. & N. Dec. 691 (BIA 1971), we conclude upon an examination of the record that such questioning was properly excluded as immaterial to the issue of the respondents' interrogation. Since the interrogation of the respondents was proper upon a reasonable belief of alienage based on articulable facts, the reasons for the presence of the Service investigators at the airport, and their activities with respect to other persons, are immaterial.

The interrogation of the respondents at the airport revealed that (1) the male respondent was a citizen of Ecuador, (2) he had no evidence of alien registration, and (3) the female respondent was his wife. The respondents were then arrested. These facts, combined with the attempt to flee, were sufficient grounds upon which to base a justifiable arrest without warrant under section 287(a)(2) of the Act. After transportation to Service offices, the female respondent, after being advised of her rights under 8 C.F.R. 287.3, stated that she and her husband had entered the United States without inspection, by paying an unnamed individual to smuggle them across the border into California. The female respondent also signed an affidavit (Form I-214) to this effect. This form was admitted into evidence at that hearing.

Based upon this evidence and the testimony of the Service officer as to the identity, the immigration judge found the respondents deportable under section 241(a)(2) of the Act as aliens who had entered the United States without inspection. This finding was correct, and was based upon clear, convincing, and unequivocal evidence.

On the basis of the record before us at this time, dismissal of the appeal is warranted. However, in view of the Immigration and Nationality Act Amendments of 1976, Public Law 94-571, 90 Stat. 2703, effective January 1, 1977, certain natives of the Western Hemisphere

may be eligible for relief which previously was not available to them. Any questions in this regard should be addressed to the Immigration and Naturalization Service.

**ORDER:** The appeal is dismissed.

**FURTHER ORDER:** Pursuant to the immigration judge's order, the respondents are permitted to depart from the United States voluntarily within 30 days from the date of this order or any extension beyond that time as may be granted by the District Director; and in the event of failure so to depart, the respondents shall be deported as provided in the immigration judge's order.