OPINION OF THE COURT
Joseph D. Mintz, J.
Defendant Town of Tonawanda moves for an order under CPLR 3103 barring the use, reference or introduction, for any and all purposes during discovery, pretrial and trial proceedings, of the summaries of statements made by a police officer of the Town of Tonawanda and of any testimony by an investigator, purportedly in plaintiffs’ employ, regarding the investigator’s conversations with the police officer.
An order of the nature requested by defendant is not within the scope of CPLR 3103, which governs protective orders of evidence and testimony subject to discovery and protective orders barring the use, at any stage of the proceeding, of any evidence or testimony obtained in discovery. However, implicit in defendants’ request for a protective order under CPLR 3103, is defendants’ request for a protective order under defendants’ constitutional, statutory and equitable rights. Therefore, defendant’s mo *642 tion will be considered outside of CPLR 3103, and, instead, in consideration of defendant’s rights.
Defendant bases its request for protective order on the alleged violation by plaintiffs’ attorney of Disciplinary Rule 7-104 of the Code of Professional Responsibility, as adopted by the New York State Bar Association. This rule is also incorporated by reference into the rules of practice for attorneys of the New York Supreme Court, Appellate Division, Fourth Department (Rules of App Div, 4th Dept, § 1022.17, 22 NYCRR 1022.17), the violation thereof as constituting “professional misconduct.” The conduct complained of is that plaintiffs’ attorney caused an investigator to elicit the statement of the police officer who was directing traffic at the time of plaintiffs’ accident without the permission of defendant’s attorney. Plaintiffs’ action against the town is based upon the police officer’s alleged negligent direction of traffic. Defendant alleges, and plaintiffs admit, that plaintiffs knew the town was represented by an attorney in the action at the time of the conversation with the police officer.
There is some controversy as to whether or not there is a violation of Disciplinary Rule 7-104. Bearing on this issue is whether or not the police officer is a party, within the meaning of the rule, and whether or not plaintiffs’ attorney actually caused the investigator to communicate with the police officer in derogation of the rule (the investigator himself could not be subject to the rule). However, even if a tribunal, be it a court or a bar grievance committee, could find a violation of rule 7-104, a protective order as requested by defendant would be unwarranted. The proper remedy for such a violation is a disciplinary proceeding against the attorney.
The grant of defendant’s request for a protective order would necessitate holding that the violation of a rule self-imposed on a profession would automatically entitle a party purportedly wronged to the exclusion of evidence obtained. In contrast, it was not until 1961, when the United States Supreme Court decided Mapp v Ohio (367 US 643), that evidence obtained by a State police officer in violation of an individual’s constitutional rights, was to be excluded in New York State courts. The common-law rule *643 in force in this State is that evidence illegally or unethically obtained, unless subject to expressly delineated exceptions of constitutional magnitude, is admissible. (Sackler v Sackler, 15 NY2d 40; see, generally, Richardson, Evidence [10th ed], § 558.)
The Court of Appeals has marked out an exception to this rule in the case of evidence obtained from the interrogation of a criminal defendant without counsel present, once the defendant is represented by counsel. (People v Arthur, 22 NY2d 325; People v Hobson, 39 NY2d 479.) The exclusion of evidence under the rule oí Arthur is “grounded in this State’s constitutional and statutory guarantees of the privilege against self incrimination, the right to the assistance of counsel, and due process of law” (People v Hobson, 39 NY2d 479, 483, supra). The constitutional guarantees which form the basis of this rule are not present in a civil case such as this. Absent an infringement of constitutional rights, there is no reason to deviate from the common-law rule. This conclusion was reached by the Supreme Court of Michigan in People v Green (405 Mich 273, 294) with regard to a criminal defendant in its rejection of the rule embraced by the Court of Appeals in Hobson: “Few courts have mixed the standard of conduct found in DR 7-104(A)(l) or any other provision of a code of professional responsibility into questions concerning the admissibility of evidence in criminal or civil cases. Even the courts which have embraced this novel concept have linked their decisions to do so with constitutional doctrines or statutory provisions not recognized or present in Michigan’s jurisprudence. See, for example, People v Hobson, 39 NY2d 479; 348 NE2d 894; 384 NYS2d 419 (1976).” In support of its decision, the Supreme Court of Michigan held (p 293) that “[t]he provisions of the code are not constitutional or statutory rights guaranteed to individual persons.” Unless, as is the case with regard to criminal defendants in New York, there is an independent constitutional or statutory protection of the person questioned, the statements elicited are not subject to any exclusionary rule.
Furthermore, the protective order requested by defendant is far too broad. Defendant requests the suppression of the .statements for any purpose including, assumedly, *644 plaintiffs’ calling the police officer as their witness in their case-in-chief, impeachment of the testimony of the police officer if he should testify at trial either for the defendant or as a hostile witness for the plaintiffs, and use as a prior inconsistent statement during the deposition of the police officer. It is well established that even evidence obtained in contravention of an individual’s constitutional rights may be introduced for some limited purposes (Harris v New York, 401 US 222). The broad relief requested is unappropriate.
Finally, there is no overriding policy issue present which might require a different decision. There is no need to mark out an exception in order to protect a police officer who is at least generally aware of his legal rights and that of the town which employs him. In contrast, in the only case in New York where evidence was excluded based on DR 7-104 in a civil case, the rights of an injured infant were in issue and became subject to protection. (Obser v Adelson, 96 NYS2d 817, affd without opn 276 App Div 999). Without any such policy consideration, there is no need to deviate from the common-law rule of admissibility.
Based on the foregoing, the defendant’s request for a protective order is denied.