**UNITED STATES of America, Plaintiff,**

v.

**ONE PARCEL OF LAND ... COMMONLY KNOWN AS 4204 CEDARWOOD MATTESON, IL, et al., Defendants.**

**No. 85 C 4967.**

United States District Court, N.D. Illinois, E.D.

Oct. 5, 1987.

---

Anton R. Valukas, U.S. Atty. N.D. Ill., Thomas Walsh, Ass't. U.S. Atty., U.S. Dept. of Justice, Chicago, Ill., for plaintiff.

Edward Genson, Chicago, Ill., for defendants.

## MEMORANDUM OPINION AND ORDER

ZAGEL, District Judge.

Here the United States seeks forfeiture of real estate, money, cars and other things of value. On May 22, 1985, the government filed a verified complaint saying that Benson Hilt, their possessor, was a cocaine dealer who made millions selling cocaine but failed to file income tax returns for thirty years and claimed to be unemployed. It averred that Hilt spent over $200,000 in cash to buy a house and several cars in the previous nine months and that he had over $300,000 in cash and jewelry in safe deposit boxes.

Prior to filing, the United States submitted the complaint and proposed warrant to the chief judge along with an *ex parte* motion to file under seal to avoid concealment of assets prior to seizure. The chief judge's order directed the clerk "to issue the appropriate warrant of seizure and monition directly to the United States Attorney" and keep the case under seal until the morning after service. The chief judge made no findings regarding probable cause.

After the verified complaint was filed, the clerk of the court, acting pursuant to Rule C of the Supplemental Rules for Certain Admiralty and Maritime Claims, and 21 U.S.C. sec. 881(b), issued a warrant directing the marshal to seize Hilt's house, seven cars, money, and other things of value located at the house or in bank accounts or safe deposit boxes at six banks. Federal agents executed the warrant on May 23, 1985, seizing the house, a car, certain contents of the house not named in the warrant, and cash found in the safe deposit boxes. Hilt still resides in the house pending this action under an agreed restraining order prohibiting Hilt and his wife from disposing of property named in the complaint.

Judge Kocoras found a constitutional flaw in the warrant procedure because of the absence of judicial determination of probable cause. *United States v. One Parcel of Land,* 85 C 4967 (N.D.Ill. Nov. 10, 1986) [Available on WESTLAW, 1986 WL 12816]. This flaw matters here because the Fourth Amendment exclusionary rule applies to civil forfeitures of this sort. *One 1958 Plymouth Sedan v. Pennsylvania,* 380 U.S. 693, 696–97, 85 S.Ct. 1246, 1248–49, 14 L.Ed.2d 170 (1965). In ruling the warrant invalid, Judge Kocoras joined the opinions of two other District Judges. *See United States v. $128,035.00,* 628 F.Supp. 668 (S.D.Ohio), *appeal dismissed,* 806 F.2d 262 (6th Cir.1986); *Application of Kingsley,* 614 F.Supp. 219 (D.Mass.1985). Reconsideration of his ruling is neither requested nor appropriate.

Now Hilt and Eleania Bolar seek suppression of the property seized and its return under Fed.R.Crim.P. 41(e). Rule 41 "is not applicable to civil forfeiture of property for violation of a statute of the United States." Fed.R.Crim.P. 54(b)(5). Yet, the United States does not challenge claimants' right to seek return and suppression of the property, and there are two bases upon which return may be sought. Seizure was had under Rule C of the Supplemental Rules for Certain Admiralty and Maritime Claims and Rule E(4)(f) provides for release of seized property although not its suppression. Perhaps return and suppression are procedural rights derived directly from the Fourth Amendment as is the constitutional tort noted in *Bivens v. Six Unknown Named Agents,* 403 U.S. 388, 91 S.Ct. 1999, 29 L.Ed.2d 619 (1971).

■ Part of this motion is governed by the principle that the mere fact of the

illegal seizure, standing alone, does not immunize the goods from forfeiture. *United States v. One 1977 Mercedes Benz,* 708 F.2d 444, 450 (9th Cir.1983). "Improper seizure does not jeopardize ... forfeiture if the probable cause to seize ... can be supported with untainted evidence." *United States v. One 1978 Mercedes Benz,* 711 F.2d 1297, 1303 (5th Cir.1983); *see also One 1958 Plymouth Sedan v. Pennsylvania,* 380 U.S. 693, 700 n. 7, 85 S.Ct. 1246, 1250 n. 7, 14 L.Ed.2d 170 (1965). The question of whether this can be achieved here is disputed and it is not clear to which property (other than the house) the rule would apply, but these questions are not ripe for decision.

The other part of this motion concerns seized goods for which untainted evidence of probable cause does not exist. The United States says this refers to the contents of the house, which claimants note was furniture, paintings, bowls, vases, crystal, guns, jewelry, fur coats, kitchen utensils and a briefcase.

The United States argues the property was seized in good faith reliance on an Act of Congress and thus is not to to be suppressed. *Illinois v. Krull,* ⸺ U.S. ⸺, 107 S.Ct. 1160, 94 L.Ed.2d 364 (1987). Claimants counter that reliance upon this Act of Congress could not be objectively reasonable and that the good faith exception to the exclusionary rule does not apply to civil forfeitures.

■ The argument against the exception in forfeiture cases assumes that the exclusionary rule has broad application in all areas of the law and that an exception to it has been carved out for criminal cases. This is untrue.

The rule has no general application to ordinary civil litigation. *Sackler v. Sackler,* 15 N.Y.2d 40, 255 N.Y.S.2d 83, 203 N.E.2d 481 (1964). It is limited to cases involving government action, *Burdeau v. Mc Dowell,* 256 U.S. 465, 41 S.Ct. 574, 65 L.Ed. 1048 (1921), and its application to those civil cases involving government ac-

tion is often limited or non-existent. *See, e.g., United States v. Janis,* 428 U.S. 433, 447, 96 S.Ct. 3021, 3028, 49 L.Ed.2d 1046 (1976) (rejecting exclusionary rule in civil tax cases where evidence not seized by government and stating, even if it was so seized, the Court "never has applied [the rule] to exclude evidence from a civil proceeding." *United States v. Calandra,* 414 U.S. 338, 94 S.Ct. 613, 38 L.Ed.2d 561 (1974) (rule may not be invoked by grand jury witness); *I.N.S. v. Lopez–Mendoza,* 468 U.S. 1032, 104 S.Ct. 3479, 82 L.Ed.2d 778 (1984) (rule inapplicable to civil deportation proceeding).

*One 1958 Plymouth Sedan v. Pennsylvania,* 380 U.S. 693, 85 S.Ct. 1246, 14 L.Ed.2d 170 (1965), the very opinion applying the exclusionary rule to forfeitures, envisions an exclusionary scope more limited in forfeiture cases than in criminal cases. In *One 1958 Plymouth Sedan* the Court made clear that forfeiture of illegally seized contraband would be permissible even though the contraband would be excluded from a criminal case. 380 U.S. at 698–700, 85 S.Ct. at 1249–1251.[1]

The exclusionary rule is not general. It is a rule of criminal law, applied only selectively outside the ambit of criminal procedure and then, sometimes more narrowly than in its original setting. To say it has broader reach in a civil forfeiture case is unconvincing. The good faith exception is, now, part and parcel of the rule and goes with the rule as the stripes with the tiger.

The claimants also say that the United States could not reasonably believe that the Act of Congress was constitutional. This is so because the Supreme Court has made it clear that search warrants only may be issued after a judicial officer determines there are adequate grounds for arrest, search or seizure. This argument has force, but this Court, with some hesitation, rejects it.

Acts of Congress ought not easily be found unconstitutional—not by judges, and

---

**1.** The United States does not argue here that the fruits of illegal activity—the profits of the narcotics trade—are themselves contraband and

not returnable under *One 1958 Plymouth Sedan. See* 1 W. La Fave, *Search and Seizure,* sec. 1.7(a) at 147 (2d ed. 1987).

certainly not by prosecutors and federal officers. The Act became law sixteen years before this seizure. A month prior to the seizure the Supreme Court ordered Rule C to be amended to provide for judicial review of the grounds for the warrant but expressly exempted civil forfeiture cases from this requirement. 105 F.R.D. 202, 209 (1985). The complaint here was submitted to the Court for authority to file under seal which shows the absence of desire to avoid judicial scrutiny. The first case holding the statute was unconstitutional was not handed down until July 12, 1985. Even now this Court has before it only three opinions of District Judges finding the Act of Congress unconstitutional. This may be so because the United States has been seeking judicial review of probable cause since July, 1985, at least when the warrant requires entry into areas protected by the Fourth Amendment. The fact that the United States now seeks judicial review means that there is no marginal gain in deterrence of future improper procedures derivable from excluding evidence found here.

In *Illinois v. Krull,* — U.S. —, 107 S.Ct. 1160, 94 L.Ed.2d 364 (1987) the good faith exception to the exclusionary rule was applied to the actions of an officer taken without a warrant in reliance upon a state statute later declared unconstitutional by the state supreme court. The Court refused to exclude evidence where the flaws in the statute were "not so obvious that an objectively reasonable police officer would have realized the statute was unconstitutional without them." 107 S.Ct. at 1172. Here the statute was passed by Congress, a rule implementing it was promulgated by the Supreme Court, which rule specifically exempted the seizures here from prior judicial review, and there were no judicial decisions against the statute. What flaws there are in the statute are not so obvious to a law officer that he must disregard the words of Congress. A statute providing for seizure of contraband, the fruits of transactions in contraband and the tools that facilitate those transactions, under a warrant issued by the court clerk after the government filed a verified complaint is not so clearly prohibited by *One 1958 Plymouth Sedan v. Pennsylvania,* 380 U.S. 693, 85 S.Ct. 1246, 14 L.Ed.2d 170 (1965) that a reasonably objective officer could not rely upon it. The seizure of evidence in plain view during execution of the warrant may be permissible under these circumstances as well.

The motion to suppress is denied to the extent it rests upon the grounds stated here. The United States is directed to respond to claimants' challenges asserting the absence of probable cause and contravention of the Fifth Amendment.