■ Persie L. Stagg, Appellant, v New York City Health and Hospitals Corporation, Respondent.—In an action, *inter alia,* to recover damages for personal injuries and breach of warranty, the plaintiff appeals from a judgment of the Supreme Court, Kings County (Bernstein, J.), entered August 3, 1988, which, upon a jury verdict, is in favor of the plaintiff and against the defendant in the principal amount of only $65,000.

Ordered that the judgment is affirmed, with costs.

The record reveals that the plaintiff sought to recover extensive damages from the defendant for personal injuries he allegedly sustained after contracting salmonella at one of the defendant's eating facilities. At trial, an investigator employed by the Blackstone Detective Agency testified that, during the pendency of the action, he posed as a buyer who was interested in purchasing the plaintiff's pickup truck and thereby spoke with the plaintiff on three occasions. In addition to observing the plaintiff's physical activities, the investigator related certain statements made by the plaintiff which contradicted his claim that he had been rendered unable to work and to engage in other activities by reason of his illness. The trial court denied the plaintiff's motions to strike the investi-

gator's testimony and to declare a mistrial. The jury subsequently returned a verdict awarding the plaintiff damages of $65,000 for medical expenses and pain and suffering, but made no award for lost earnings. Thereafter, the court denied a motion by the plaintiff to set aside the jury verdict.

The plaintiff presently contends that he is entitled to a new trial on the issue of damages by reason of the investigator's testimony. He maintains that the challenged testimony should have been suppressed because it was obtained in violation of Code of Professional Responsibility DR 7-104 (A) (1), which provides as follows: "During the course of his representation of a client a lawyer shall not: (1) Communicate or cause another to communicate on the subject of the representation with a party he knows to be represented by a lawyer in that matter unless he has the prior consent of the lawyer representing such other party or is authorized by law to do so." Moreover, because the investigator in this case misrepresented his identity to the plaintiff, the plaintiff also claims that the defendant's counsel is guilty of violating DR 1-102 (A) (4), which prohibits an attorney from "[e]ngag[ing] in conduct involving dishonesty, fraud, deceit, or misrepresentation." The plaintiff's contention is without merit.

Initially, we note that the Supreme Court, in denying the plaintiff's motion to set aside the verdict, did "not conclude that there was evidence, hearsay or otherwise, that counsel for the [defendant] had requested the investigator to interview the plaintiff". There is no proof that counsel for the defendant, either directly or through communications with the investigative agency, instructed the investigator in this case to speak with the plaintiff and to misrepresent his identity. Absent such evidence, the plaintiff failed to sustain his claim of ethical violations.

In any event, even if the matters to which the investigator testified were unethically obtained, they nevertheless would be admissible at trial. New York follows the common-law rule that the admissibility of evidence is not affected by the means through which it is obtained. Hence, absent some constitutional, statutory, or decisional authority mandating the suppression of otherwise valid evidence (see, e.g., CPLR 4506), such evidence will be admissible even if procured by unethical or unlawful means (see, Sackler v Sackler, 15 NY2d 40; see also, Richardson, Evidence § 558 [Prince 10th ed]). Inasmuch as there is no independent constitutional, statutory, or overriding policy basis requiring a departure from the common-law rule in this case, we would discern no error in the

admission of the challenged testimony even if an ethical violation were established *(see, Tabbi v Town of Tonawanda,* 111 Misc 2d 641).

Additionally, we find that the jury's verdict on the issue of damages is not against the weight of the credible evidence; hence, we decline to disturb it. Kunzeman, J. P., Eiber, Sullivan and Balletta, JJ., concur.