988 F.2d 118
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Wilfredo DIAZ-VICENTE, Petitioner,
v.
IMMIGRATION AND NATURALIZATION SERVICE, Respondent.
 No. 91-70438.
 United States Court of Appeals, Ninth Circuit.
 Submitted Feb. 2, 1993.*
Decided Feb. 10, 1993.
 
 Petition for Review of a Decision of the Board of Immigration Appeals; No. Amw-nym-iey.
 B.I.A.
 PETITION DENIED.
 MEMORANDUM**
 Before PREGERSON, LEAVY and TROTT, Circuit Judges.
 
 
 1
 Wilfredo Diaz-Vicente seeks review of a final order of the Board of Immigration Appeals (the "Board") denying his request for voluntary departure under 8 U.S.C. § 1254(e). Diaz-Vicente contends that denial of his application constitutes an abuse of discretion and violates his equal protection rights under the Fifth Amendment due process clause. We affirm.
 
 A. Exercise of Discretion
 
 2
 The decision to grant or deny a request for voluntary departure is a matter wholly within the discretion of the Board. Estrada-Posadas v. INS, 924 F.2d 916, 920 (9th Cir.1991). "On review, we 'may examine only whether discretion was actually exercised and whether the manner in which it was exercised was arbitrary or capricious.' " Id. (quoting Cuevas-Ortega v. INS, 588 F.2d 1274, 1278 (9th Cir.1979)). "Generally, voluntary departure will be denied to aliens who recently entered as stowaways, were smuggled in, or otherwise entered in deliberate evasion of the immigration laws, in the absence of other appealing factors." 3 Charles Gordon and Stanley Mailman, Immigration Law and Procedure § 74.02[c] (1992) (citing cases).
 
 
 3
 The Board noted that Diaz-Vicente entered the United States without inspection and with the aid of a professional smuggler. The Board also noted that Diaz-Vicente is a young man, has no prior record of immigration law violations, and has several aunts and uncles who are in this country in lawful status. The Board concluded that these latter positive factors did not outweigh the circumstances surrounding his manner of entry. This conclusion is not arbitrary or capricious. See Matter of Dass, 20 I & N Dec. ___ (Int.Dec. No. 3122) (BIA 1989) (affirming denial of voluntary departure where petitioner established no equities to outweigh adverse factor of entry with aid of smuggler); Matter of Rojas, 15 I & N Dec. 492 (BIA 1975) (lawful permanent resident sister does not outweigh entry with assistance of smuggler for grant of voluntary departure).
 
 B. Equal Protection
 
 4
 Diaz-Vicente also contends that the Board's "blanket" denial of voluntary departure to those who enter the United States with the aid of a smuggler violates equal protection under the Fifth Amendment. By way of illustration, Diaz-Vicente asserts that persons who enter the United States using fraudulent entry documents and those who simply enter the United States without inspection are "treated differently" (i.e., more leniently) with respect to voluntary departure.
 
 
 5
 However, a review of Board decisions shows that the Board does not categorically deny voluntary departure to all those who enter with a smuggler's assistance. See, e.g., Matter of Cachinguango & Torres, 16 I & N Dec. 205, 207 (BIA 1977) (voluntary departure granted to husband and wife who admitted entry with assistance of smuggler); Matter of Gamboa, 14 I & N Dec. 244, 245 (1972) (same). In addition, the Board does treat entries without inspection and entries effected with fraudulent documents as adverse factors. See, e.g., Garcia-Lopez v. INS, 923 F.2d 72, 75 (7th Cir.1991) (affirming denial of voluntary departure to petitioner with U.S. citizen spouse who entered the United States once with a false passport and other times without inspection).
 
 
 6
 Thus, Diaz-Vicente has failed to establish that the Board discriminates against those who enter the United States with the help of a smuggler in favor of those who illegally enter using other means. As a result, he has failed to demonstrate the injury necessary to prevail in an equal protection claim.
 
 
 7
 PETITION DENIED.
 
 
 
 *
 The panel unanimously found this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3