In the Interest of Aladino T.
ROGERS, Petitioner,

v.

Brenda WILLIAMS, Respondent.*

Family Court of Delaware,
Sussex County.

Date Submitted: March 10, 1993.
Date Decided: March 23, 1993.

William M. Chasanov, Georgetown, for petitioner.

Deborah L. Carey, Dover, for respondent.

## OPINION

MILLMAN, Judge.

In this modification of custody petition filed by Aladino T. Rogers ("petitioner") against Brenda Williams ("respondent") for custody of the parties' two sons, respondent objects to the admissibility of a videotape taken by petitioner's present wife of the interior of respondent's residence without her knowledge or consent. The issues are: (a) whether the videotape should be excluded due to the wrongful means by which it was obtained, (b) the relevance of the videotape, and (c) whether the danger of unfair prejudice substantially outweighs the videotape's probative value.

The undisputed facts are as follows: Mrs. Kandy Rogers, petitioner's wife, went to respondent's home to make a child support payment on behalf of petitioner. Finding no one at home and the door unlocked, Mrs. Rogers entered the house. Upon viewing its condition, Mrs. Rogers returned to her car, retrieved a camcorder from it, re-entered and videotaped the inside of the home. It is this videotape that is at issue.

* The names of the parties are pseudonyms selected by this Judge.

## ADMISSIBILITY

■ Because petitioner did not have respondent's permission to enter and videotape her home, the videotape at issue was wrongfully obtained. Petitioner asserts that the Court should not concern itself with the method by which the evidence was secured and therefore should not preclude the admission of the tape, even though it may have been wrongfully obtained. Respondent argues that the tape should not be admitted in order to prevent petitioner from benefitting from his wrongful conduct.

The Court has not been able to find any reported Delaware case on the issue of the admissibility of wrongfully obtained evidence in a child custody case. Respondent offers *Patrick J.D. v. Barbara K.K.*, Del.Fam., File No. CN88–9302, Wakefield, J. (Aug 15, 1991), but the Court finds it distinguishable on its facts.

■ The Fourth Amendment's prohibition against illegal searches and seizures [1] and the Exclusionary Rule apply to governmental intrusions. *Mapp v. Ohio*, 367 U.S. 643, 81 S.Ct. 1684, 6 L.Ed.2d 1081 (1961); *Burdeau v. McDowell*, 256 U.S. 465, 41 S.Ct. 574, 65 L.Ed. 1048 (1921). Since the videotape at issue was filmed by a private person, not a governmental entity, the case *sub judice* may be distinguished from *Mapp* on this basis. In addition, *Mapp* was a criminal case and the Exclusionary Rule has never been extended to civil cases.

Other jurisdictions that have dealt with the issue of relevant, wrongfully obtained evidence in civil cases have overwhelmingly deemed such evidence to be admissible. The California Supreme Court held, in a custody modification proceeding, that when competent evidence is produced at a civil trial, the courts will not stop to inquire or investigate the source from which it came or the means by which it was obtained. *Munson v. Munson*, 27 Cal.2d 659, 166 P.2d 268 (1946). In a more recent case, the Court of Appeals for the Eastern District of Missouri held that the

manner in which evidence is obtained will not affect its admissibility. The Court held that absent constitutional or statutory restrictions, evidence which is otherwise admissible will not be excluded because it has been obtained fraudulently, wrongfully or illegally. *Herndon v. Albert*, Mo.Ct.App., 713 S.W.2d 46 (1986). *See also Sackler v. Sackler*, 15 N.Y.2d 40, 255 N.Y.S.2d 83, 203 N.E.2d 481 (1964); *Del Presto v. Del Presto*, 97 N.J.Super. 446, 235 A.2d 240 (1967).

Courts have refused to extend *Mapp* to child custody and neglect proceedings because of their civil nature, and have offered public policy reasons as well. Photographs of respondent's residence taken without permission by a police officer were admitted in a California dependency proceeding because of its civil nature and because the Court found that the special protection afforded children by law justified such admittance. The Court found that any slight deterrent effect which would possibly result from extending the Exclusionary Rule to child custody actions was outweighed by the need to protect innocent children. *Matter of Robert P.*, 61 Cal.App.3d 310, 132 Cal.Rptr. 5 (1976). *See also In re Christopher B.*, 82 Cal.App.3d 608, 147 Cal. Rptr. 390 (1978) (holding the Exclusionary Rule inapplicable in civil dependency proceedings because deterrent effect outweighed by potential resulting harm). A New York Court has held that when determining whether to apply the Exclusionary Rule "consideration must be given to such factors as the nature of both the right sought to be protected and the State's interest in the matter, the purpose of the proceeding and the severity of the potential sanctions that could result from the proceeding, and the purpose of the illegal search and its relationship to the proceeding in which the rule is sought to be invoked." *Matter of Diane P.*, 110 A.D.2d 354, 494 N.Y.S.2d 881, 883 (1985).

An argument can be made that by admitting evidence that was obtained illegally, the Court is giving its approval to lawlessness. However, there is nothing preventing an ag-

1. The Fourth Amendment provides:
   The right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures, shall not be violated, and no Warrants shall issue, but upon probable cause, supported by Oath or affirmation, and particularly describing the place to be searched, and the persons or things to be seized.

grieved party from bringing a trespass or invasion of privacy action when such rights have been violated.[2] Other safeguards exist as well. Evidence with little probative value will not be admitted, and admitted evidence will be given weight equal only to its credibility.

Strong arguments exist for refusing to extend the Exclusionary Rule to the present proceeding. It is a civil case, not a criminal action. The unlawful entry was not made by agents of the government, but by an agent of a party to the action. The Court need not concern itself with the means by which evidence has been obtained. Perhaps the most compelling argument is that of public policy. The state has an overwhelming interest in promoting and protecting the best interests of its children. Because of the special nature of the proceedings, the Court needs to consider as much relevant evidence as possible when deciding child custody.

## RELEVANCY

■ The videotape is of the interior of respondent's home. Petitioner alleges that the depiction of the condition, appearance and unhealthiness of the home is relevant to the custody issue. Respondent answers that the condition of her home as depicted on the tape is irrelevant because at the time of the taping, the children were not living in respondent's home because petitioner was exercising summer visitation, which was every other week for the summer months. In addition, respondent argues that the videotape is unduly prejudicial and there exists other competent, relevant evidence available to the Court that is of a less prejudicial nature.

Custody of the children was originally determined by consent of the parties. Pursuant to 13 *Del.C.* § 729, the Court may modify a consent order of custody after considering the best interests of the children. 13 *Del.C.* § 722(a) provides that in determining the best interests of the children, the Court shall consider all relevant factors. The condition of the home, the children's primary place of residence, is a relevant factor when determining their best interests. Although the children may not have been residing in respondent's home the week the videotape was made, they were residing there the week before and were expected to return the following week. Therefore, the Court finds that the tape is relevant if it accurately depicts the condition of the respondent's home as is alleged.

■ Although relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice. D.R.E. 403. The determination of whether the probative value of a particular piece of evidence is substantially outweighed by the danger of unfair prejudice to the opposing party is within the trial court's discretion. *Firestone Tire and Rubber Co. v. Adams*, Del.Supr., 541 A.2d 567 (1988). In a jury trial, the trial judge views the evidence in issue and makes a determination of whether the danger of unfair prejudice to the opponent of the evidence outweighs its probative value. If the Court determines that it does, the evidence is not admitted and is not considered by the jury.

■ As both the trier of fact and law in Family Court proceedings, the judge must rule on the probative value of evidence that the Court will consider when making a final determination of the issues. "In a nonjury trial, a judge should ordinarily receive all evidence which is not clearly inadmissible. A trial judge who is qualified to rule on admission of evidence is also qualified to differentiate between sound evidence and unsound evidence in deciding the case." 75B Am. Jur.2d *Trial* § 1964 (1992). In *Truman v. Watts*, Del.Fam., 598 A.2d 713, 720 (1991), the Court held "[A] Judge is presumed to have the capability to attribute the proper weight to the evidence and to disregard evidence that is unreliable". It is impossible to determine whether the videotape evidence is prejudicial without first viewing it.[3] Therefore, rather than viewing the tape and then

---

2. A criminal trespass action was instituted against petitioner in the instant case.

3. Although asserting that the danger of unfair prejudice outweighs the videotape's probative value, neither counsel for respondent nor respondent herself actually ever viewed the tape.

determining whether to admit it into evidence, the Court will admit it and attribute to it weight equal only to its credibility, as is within its discretion.

The reliability of the videotape as to its accurate depiction of respondent's home may be ensured through testimony at the hearing. The videotape will be given weight equal only to its credibility and the credibility of the parties testifying to it. The Court does not condone petitioner's wrongful conduct and does not encourage such conduct in the future. Indeed, parties who resort to such measures face criminal sanctions if found guilty. Accordingly, for the foregoing reasons, the videotape shall be admitted into evidence with such weight afforded to it as the Court deems appropriate.

**IT IS SO ORDERED.**