MATTER OF TANG

In Deportation Proceedings

A-15363812

*Decided by Board April 22, 1971*

Where respondent presented no competent legal evidence in support of his claim that the documents entered into evidence to establish his deportability were obtained in violation of his constitutional rights, such contention is dismissed since one who raises the claim must come forward with proof establishing a prima facie case of illegality before the Service will be called upon to assume the burden of justifying the manner in which it obtained its evidence.

CHARGE:

Order: Act of 1952—Section 241(a)(2) [8 U.S.C. 1251(a)(2)]—Nonimmigrant crewman—remained longer.

ON BEHALF OF RESPONDENT:
Peter Zimmerman, Esquire
100 State Street
Boston, Massachusetts 02109

Counsel of record:
Joseph F. O'Neil, Esquire

ON BEHALF OF SERVICE:
Irving A. Appleman
Appellate Trial Attorney

Respondent appeals from the special inquiry officer's order finding him deportable and granting him voluntary departure. The appeal will be dismissed.

Respondent admitted that he is an alien, but he refused to testify as to his right to be in the United States. He did not claim privilege. The special inquiry officer found that respondent was an alien, that he had been admitted in June 1969 as a nonimmigrant crewman, that he had been authorized to remain for not longer than 29 days and that he had remained without authority. These findings are based on the admission of alienage respondent made at the deportation hearing and on information found in the respondent's seaman's identity book, his seaman's discharge book, his identity card and the landing permit showing his arrival on June 26, 1969 at Los Angeles. The contents of the first three doc-

691

uments were read into the record (pp. 4, 5). The last document is an exhibit (Ex. 2). These documents were entered in evidence over the objection of counsel who stated, "They were allegedly taken from the respondent in violation of his constitutional rights" (p. 4). No specifications in support of the claim have been given. Counsel contends that since he raised a question as to the legality of the evidence, the burden is upon the Service to come forward with proof establishing that the documents came into its possession in a manner which did not offend respondent's constitutional rights.

We shall dismiss the contention because respondent has not established a prima facie case in support of the contention. He has presented no competent legal evidence in support of his claim. One who raises the claim must come forward with proof establishing a prima facie case before the Service will be called upon to assume the burden of justifying the manner in which it obtained its evidence. See *Nardone v. United States*, 308 U.S. 338 (1939); *Duran v. United States*, 413 F.2d 596, 604 (9 Cir., 1969), cert. denied 396 U.S. 917 (1969); *United States v. Lyon*, 397 F.2d 505 (7 Cir., 1968), cert. denied 393 U.S. 846 (1968); *United States v. Garcia*, 272 F. Supp. 286 (S.D. N.Y., 1967); Fed. Rules Cr. Proc., rule 41 (e), 18 U.S.C. The reason for our rule—one similar to that which prevails in criminal matters—is well stated in *Garcia, supra.* There the court said:

. . . Experience shows that unless such serious charges are initiated upon the sworn statement of persons having personal knowledge of the facts, a great deal of time of the parties and the Court is frequently wasted upon unnecessary, expensive and protracted suppression hearings, all for the reason that the attorney demanding suppression merely upon his own say-so often discovers only at the hearing that he has been misled by unsworn representations of his clients, which they would be unwilling to swear to in an affidavit, particularly if they were questioned closely by their counsel and warned of the consequences of perjury.

It is proper to consider the documents presented by the Service. The respondent does not deny that they relate to him. Their contents reveal that they do in fact relate to him. They establish that respondent is an alien who was admitted for a period not longer than 29 days, 8 CFR 252.1 (d), (e), (f). There is no claim by respondent that he has a legal right to be in the United States.

Upon presenting evidence that the respondent is an alien, the service may call upon him to testify and may use his testimony find that deportability is established, *Laqui v. INS*, 422 F.2d 807 (7 Cir., 1970). Where the respondent does not claim privilege and refuses to testify, his silence can give rise to an inference

that his testimony would support the Service charges, *Quilodran-Brau* v. *Holland*, 232 F.2d 183 (3 Cir., 1956). Here, it is proper to find that the respondent is an alien, that he was admitted temporarily, and that the period for which he was admitted has now expired. On the basis of these findings it is proper to conclude that respondent is in the United States illegally as charged.

The Service burden of establishing deportability could also have been met by drawing on the statutory presumption of the illegality of the presence of the alien who has not justified his presence in the United States, *Ah Chiu Pang* v. *INS*, 368 F.2d 637 (3 Cir., 1966), cert. denied 386 U.S. 1037; *Vlisidis* v. *Holland*, 245 F.2d 812 (3 Cir., 1957); section 291 of the Act, 8 U.S.C. 1361. We have not relied upon this presumption because it is unnecessary to do so. However, had it been necessary to do so, we think the presumption would have supported the charge. We believe that it does not merely require an alien to show that he entered lawfully; it goes further. It requires the person shown to be an alien to justify his presence in the United States. Our rule is drawn from *Vlisidis* v. *Holland, supra.* The case concerned aliens who were charged with having entered temporarily as alien crewmen and remaining illegally. They refused to answer questions about the circumstances of their presence in the United States. The court, after holding that there was adequate evidence for finding the aliens deportable, stated:

. . . Actually, it was necessary to show only the single fact that the respondent was an alien, for, once that is proved, the legislative scheme requires the alien to justify his presence in the United States. 66 Stat. 234, 8 U.S.C.A. §1361. Neither of the parties here attempted any such showing of lawful presence (p. 814).

Respondent did not attempt to show a lawful presence here. In fact, he has failed to show the time, manner and place of his entry. We believe the presumption could have been relied upon.

We find no support in this record for counsel's contention that respondent's request for representation was effectively denied.

**ORDER:** The appeal is dismissed.

*Further ordered:* Pursuant to the special inquiry officer's order, the respondent is permitted to depart from the United States voluntarily within 30 days from the date of this decision or any extension beyond that time as may be granted by the District Director; in the event of failure so to depart, the respondent shall be deported as provided in the special inquiry officer's order.