## MATTER OF ROJAS

### In Deportation Proceedings

### A-21415960

*Decided by Board August 2, 1976*

(1) Burden is on alien to establish a prima facie case that the Service obtained its evidence illegally before the Service will be required to justify the manner in which it obtained its evidence.

(2) Allegation of unfairness of hearing is not sustained where there is no evidence that alien's statements were involuntary and coerced and where the Service advised the alien of his rights in compliance with 8 CFR 287.3.

(3) Denial of the privilege of voluntary departure was not an abuse of discretion where respondent admitted that he had twice entered the United States without inspection and also had previously rejected an offer of voluntary departure without the institution of deportation proceedings.

CHARGE:

Order: Act of 1952—Section 241(a)(2) [8 U.S.C. 1251(a)(2)]—Entry without inspection

ON BEHALF OF RESPONDENT: Gary Silbiger, Esquire
2212 Sunset Boulevard
Los Angeles, CA 90026


This is an appeal from the November 17, 1975 decision of the immigration judge in which he found the respondent deportable as charged, denied his application for voluntary departure, and ordered him deported to Mexico.

On appeal counsel for the respondent contends (1) that the immigration judge wrongfully denied his motion to suppress evidence; (2) that the immigration judge improperly denied the respondent the right of cross-examination; (3) that deportability was not proven; (4) that the respondent was not given a fair hearing; and (5) that the immigration judge's denial of voluntary departure was arbitrary, capricious, and an abuse of discretion. We shall answer each contention in turn.

At the hearing the respondent identified himself, and it was stipulated that the order to show cause related to him. Thereafter, the respondent refused to testify on Fifth Amendment grounds and the Immigration and Naturalization Service was put to its proof.

The Service introduced a Form I-213, Report of Deportable Alien,

and a Form I-214, Warning as to Rights. Counsel objected to these documents saying (1) that they were the fruit of an illegal arrest; (2) that they were the result of an involuntary and coerced statement; (3) that the respondent was not given his *Miranda* warnings or read his rights; (4) that no foundation had been laid as to the authenticity of the documents; (5) that the respondent was denied his right to cross-examination; and (6) that the forms contained hearsay statements. Counsel then examined the immigration officer who prepared the documents.

The immigration officer did not remember this particular respondent, but he described his unvarying practice in interviewing arrested aliens as follows. After picking up Form SW-424 (Exhibit 3) [1], the officer calls the subject in from the holding room and hands him Form I-214 to advise him of his rights. If the subject cannot read or does not understand, the officer himself reads and explains his rights to him. If the subject requests a lawyer, the officer at this time gives him the opportunity to use the pay telephone and call a lawyer. Otherwise, he signs the warning of rights himself to show that he afforded the subject those rights, and then proceeds to fill out the Form I-213, taking much of the information from the Form SW-424 and getting the rest from the subject.

The respondent testified that he repeatedly asked for an opportunity to call a lawyer but was told to wait until later. The immigration officer testified that it was his invariable practice to allow a subject who requested a lawyer to call one at the time of the request. It was noted on the Form I-213 that the respondent had requested a lawyer, but the notation does not indicate when the request was made.

The respondent has offered no evidence tending to establish that his arrest was illegal. It is his burden to establish a prima facie case that the Service obtained its evidence illegally before the Service will be called upon to justify the manner in which it obtained its evidence. *Matter of Tsang*, 14 I. & N. Dec. 294 (BIA 1973); *Matter of Wong*, 13 I. & N. Dec. 820 (BIA 1971); *Matter of Tang*, 13 I. & N. Dec. 691 (BIA 1971). The immigration judge correctly denied the respondent's motion to suppress evidence and his request to examine the arresting officers.

The authenticity of the Form I-213 has been established by the officer who prepared the form. The form has the same name and the same A number as are on the order to show cause, which the respondent conceded related to him. Although counsel insinuated in his questioning of the Service officer that subjects who insist on speaking to their attorneys before answering questions are held on higher bond than

---

[1] This form has space for information concerning the subject's name; date and place of birth; nationality; status, place, date, and time of entry; date, place and time questioned; time and place arrested; and apprehending officers.

others and that the respondent's statement was involuntary and coerced, the immigration officer denied this, and there is no evidence that any form of coercion was used to extract information from the respondent in this case. Moreover, we are satisfied that the respondent was advised of his rights in compliance with 8 CFR 287.3. There is no requirement that *Miranda* warnings be given. *Trias-Hernandez* v. *INS*, 528 F.2d 366, 369 (C.A. 9, 1975). We therefore find that deportability has been established by evidence which is clear, unequivocal, and convincing. We see no way in which the hearing was unfair as alleged by counsel.

Regarding the respondent's application for voluntary departure, he stated that he did not have the funds to depart at his own expense, nor would he even if he were given a somewhat extended period of time within which to depart. Accordingly, the immigration judge correctly found the respondent ineligible for the privilege of voluntary departure. 8 CFR 244.1.

The respondent admitted, in his testimony on his application for voluntary departure, that this was his second entry without inspection. Furthermore, he rejected an offer of voluntary departure without institution of deportation proceedings. We do not think that denial of the privilege of voluntary departure in such a case is an abuse of discretion. *Gil* v. *Del Guercio*, 246 F.2d 553 (C.A. 9, 1957).

Accordingly, the following order will be entered.

**ORDER:** The appeal is dismissed.