MATTER OF *Ramirez*-SANCHEZ

In Deportation Proceedings

A-23007472

*Decided by Board August 25, 1980*

(1) The decision to institute deportation proceedings involves the exercise of prosecutorial discretion and is one which neither the immigration judge nor this Board reviews.

(2) Once deportation proceedings are commenced, the immigration judge must find the respondent deportable if the evidence sustains the charge.

(3) Where the name on Service records is identical to the respondent's name, in the absence of a denial by the respondent that those documents relate to him, we may infer that those records do pertain to him.

(4) Counsel's comments in support of a motion to suppress are not evidence.

(5) Where Forms I-274 (Request for Return to Mexico) advised the respondent of his right to counsel and to a deportation hearing, there was substantial compliance with 8 C.F.R. 287.3 despite the failure of the record to indicate that the respondent was advised that any statement he made could be used against him in a subsequent proceeding.

(6) Where there was substantial compliance with 8 C.F.R. 287.3, in the absence of any claim of any right to remain in the United States, there was no prejudice to the respondent from the admission into evidence from Service files of Forms I-274 reflecting that the respondent had twice previously requested and received voluntary departure.

(7) Where copies of Forms I-274 offered into evidence were properly certified by the District Director pursuant to 8 C.F.R. 103.7(d)(2) and 287.6, and the respondent did not challenge the authenticity or accuracy of those documents, the immigration judge's refusal to require the Service to produce for cross-examination the agents who completed the forms was proper.

(8) The facts that the respondent twice requested and accepted voluntary departure and that, even with the assistance of counsel, he has not alleged any right to remain in the United States constitute persuasive evidence of alienage.

CHARGE:

Order: Act of 1952—Sec. 241(a)(2) [8 U.S.C. 1251(a)(2)]—Entry without inspection

ON BEHALF OF RESPONDENT: Kenneth A. Leshen, Esquire
5228 Whittier Boulevard
Los Angeles, California 90022

BY: Milhollan, Chairman; Maniatis, Appleman, Maguire, and Farb, Board Members

In a decision dated November 17, 1978, an immigration judge found the respondent deportable under section 241(a)(2) of the Immigration and Nationality Act, 8 U.S.C. 1251(a)(2), for having entered the United States without inspection. The immigration judge denied voluntary departure and ordered the respondent deported. The respondent has appealed. The appeal will be dismissed.

The respondent is a married male approximately 23 years of age, allegedly a native and citizen of Mexico. A written argument in support of a motion to suppress contained in the record reflects that the respondent was arrested by Service officers on May 17, 1978, at the Sbicca Shoe Factory in South El Monte, California.

At the hearing, the respondent testified that his name is Mario Ramirez-Sanchez. His counsel indicated that the respondent is the person named in the Order to Show Cause. The respondent then invoked his rights against self-incrimination under the Fifth Amendment and refused to answer further questions regarding deportability.

To establish deportability, the Service introduced two sets of documents from Service File No. A23 007 472 pertaining to one Mario Ramirez-Sanchez. Each set of documents included Forms I-213 (Record of Deportable Alien), I-274 (Request for Return to Mexico), and WR-424. These sets of documents which were prepared on March 3, 1977, and September 9, 1977, respectively, indicate, *inter alia*, that Mario Ramirez-Sanchez twice entered the United States without inspection by paying a smuggler, and that in both instances he requested and was allowed voluntarily to return to Mexico. Both Forms I-213 show Sbicca, El Monte, California (the respondent's most recent employer) as the last or current employer. The respondent refused to identify the signatures on the Forms I-274, but did not deny that he signed those documents. The immigration judge found that these documents established the respondent's deportability by clear, convincing, and unequivocal evidence.

On appeal, the respondent contends that the Order to Show Cause was facially insufficient to require him to answer it, that the documentary evidence introduced at the hearing should have been suppressed or at least that he should have been granted a separate hearing on his motion to suppress during which he could have testified without his testimony being considered against him on the issue of deportability, and that he was denied the right to cross-examine the agents who prepared the documents admitted into evidence against him.[1] His

---

[1] The respondent devoted several pages of his brief on appeal to the question whether his apprehension by Service agents at his place of employment was legally sufficient. This issue was not raised before the immigration judge and the facts of the arrest are not set forth in the record. Moreover, no evidence seized in connection with the respondent's arrest was offered into evidence at the hearing It is well established that an illegal

contentions were preserved for appeal by appropriate objections below.

The respondent's challenge to the Order to Show Cause is in essence a contention that deportation proceedings were improperly instituted. Every proceeding to determine the deportability of an alien in the United States is commenced by the issuance of an Order to Show Cause. 8 C.F.R. 242.1. The decision to institute deportation proceedings involves the exercise of prosecutorial discretion and is one which neither the immigration judge nor this Board reviews. *Matter of Marin*, 16 I&N Dec. 581 (BIA 1978); *Matter of Geronimo*, 13 I&N Dec. 680 (BIA 1971). Once deportation proceedings are commenced, the immigration judge must order deportation if the evidence supports the charge. *Guan Chow Tok v. INS*, 538 F.2d 36 (2 Cir. 1976). Thus, the question is whether the evidence submitted established deportability and not whether the Order to Show Cause should have been issued.

To be admissible in deportation proceedings, evidence must be relevant and probative and its use must not be fundamentally unfair. *Hoonsilapa v. INS, supra; Marlowe v. INS*, 457 F.2d 1314 (9 Cir. 1972); *Matter of Toro*, Interim Decision 2784 (BIA 1980). The use of admissions obtained from a respondent involuntarily to establish deportability is fundamentally unfair. *Matter of Garcia*, Interim Decision 2778 (BIA 1980). An objection to the admissibility of a statement on the ground that it was involuntarily obtained must be supported by specific and detailed statements based on personal knowledge or other evidence, and a prima facie case must be shown before the Service is required to justify the manner in which the statement was obtained. *Matter of Garcia, supra; cf. Matter of Rojas-Flores*, 15 I&N Dec. 722 (BIA 1976); *Matter of Wong*, 13 I&N Dec. 820 (BIA 1971); *Matter of Tang*, 13 I&N Dec. 691 (BIA 1971).

The respondent's motion to suppress the evidence offered by the Service was insufficient and properly denied. There is no evidence that the prior statements of Mario Ramirez-Sanchez were made involuntarily. The respondent's offer of proof in support of his motion is a mixed legal and factual declaration by counsel, not based on counsel's personal knowledge and never corroborated personally by the respondent. The respondent stood mute at the hearing, refusing to testify on the issue of deportability on the ground that his answers might incriminate him. In a brief to the immigration judge, his counsel argued

---

arrest alone does not invalidate subsequent deportation proceedings otherwise legally sufficient. *U.S. ex. rel. Bilokumsky v. Tod*, 263 U.S. 149 (1923); *Medina-Sandoval v. INS*, 524 F.2d 658 (9 Cir. 1975). It is also settled that the respondent's identity is not suppressible. *See Smith v. INS*, 585 F.2d 600 (3 Cir. 1978); *Hoonsilapa v. INS*, 575 F.2d 735 (9 Cir. 1978), *Wong Chung Che v. INS*, 565 F.2d 166 (1 Cir. 1977); *Katris v. INS*, 562 F.2d 866 (2 Cir. 1977); *Guzman-Flores v. INS*, 496 F.2d 1245 (7 Cir. 1974).

that if the respondent were allowed to testify without his testimony being considered against him, the respondent would testify that at the times the statements in question were taken, he was detained in the custody of Service agents, he was nervous and fearful, and that the agents misrepresented if not suppressed his rights to counsel and to a hearing.

Counsel's arguments are not evidence and even if they were, they would not constitute a prima facie showing that the statements were involuntarily given. The statement lacks factual details from which we could conclude that there may have been coercion or duress. There is no allegation of physical abuse, hours of interrogation, denial of food or drink, threats or promises, or interference with any attempt by the respondent to exercise his rights. *Compare Matter of Garcia, supra.*

The record does not reflect that the respondent was advised that any statement that he made could be used in a subsequent proceeding. However, we find substantial compliance with 8 C.F.R. 287.3 in that both Forms I-274 advised the respondent, in both English and Spanish, of his right to consult a lawyer and his right to ask for a hearing to determine his right to remain in the United States. Despite these warnings, the respondent acknowledged his alienage and requested voluntary departure. As the respondent, now with assistance of counsel, has offered no evidence or even an allegation of any right to remain in the United States, we infer that none existed at the time of his requests for voluntary departure. Under these circumstances we find no prejudice to the respondent (*Matter of Garcia-Flores, supra*) and that use of the documents described above is fundamentally fair.[2]

As the names on the documents from the Service's files and the respondent's name are identical and the respondent has not denied that the documents pertain to him or that the information contained in those documents is true, they are clearly relevant and clearly probative of alienage. *U.S. v. Rebon-Delgado,* 467 F.2d 11 (9 Cir. 1972); *Matter of Leyva,* 16 I&N Dec. 118 (BIA 1977); *Matter of Li,* 15 I&N Dec. 514 (BIA 1975); *Matter of Cheung,* 13 I&N Dec. 794 (BIA 1971). Further, aside from the verbal admissions made by the respondent, the facts that he twice requested and accepted voluntary departure to Mexico and that, even with the assistance of counsel, he has not alleged any

---

[2] The immigration judge's refusal to require the Service to produce for cross-examination the agents who recorded the respondent's statements was not error. The copies of those documents which were admitted were properly certified as official records of the Service by the District Director pursuant to 8 C.F.R. 287.6. A District Director is authorized by 8 C.F.R. 103.7(d)(2) to certify copies of files, documents, and records in the custody of his office. As the respondent did not challenge the authenticity or accuracy of those documents, no further authentication was required. *Compare Matter of Exantus and Pierre,* 16 I&N Dec. 382 (BIA 1977).

right to remain in the United States constitute persuasive evidence of alienage. The respondent has offered no evidence to establish the time and manner of his entry into the United States as required by section 291 of the Act.

We find the evidence of deportability to be clear, convincing, and unequivocal. *See Woodby* v. *INS*, 385 U.S. 276 (1966). Accordingly, the appeal will be dismissed.

ORDER: The appeal is dismissed.