54 F.3d 785
NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
 Rakefet BACKER, Petitioner,
v.
IMMIGRATION AND NATURALIZATION SERVICE, Respondent.
 No. 94-70334.
 United States Court of Appeals, Ninth Circuit.
 Submitted May 16, 1995.*
Decided May 22, 1995.
 
 Before: WALLACE, Chief Judge, HUG and NOONAN, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Rakefet Backer, a native and citizen of Israel, petitions for review of the Board of Immigration Appeals ("BIA") denial of her motion to reopen her deportation proceedings. Backer contends that the Immigration Judge ("IJ") erred by holding an in absentia deportation hearing because she failed to receive timely notice of the hearing. We have jurisdiction pursuant to 8 U.S.C. Sec. 105a(a), and we affirm.
 
 
 3
 We review the BIA's decision denying motions to reopen or motions to reconsider for abuse of discretion. Padilla-Agustin v. INS, 21 F.3d 970, 973 (9th Cir. 1994).
 
 
 4
 On March 3, 1992, Backer failed to attend her immigration hearing. The Immigration Judge ("IJ") held an in absentia hearing and found Backer deportable as charged. Backer filed an appeal with the BIA alleging that she did not receive notice of the hearing until four days after the date of the hearing. The BIA dismissed the appeal, stating that Backer's unsworn allegations on appeal were insufficient to establish reasonable cause for her failure to appear. Backer then filed a motion to reopen and reconsider which included her sworn declaration stating that she did not receive timely notice. The BIA denied the motion stating that Backer's declaration was not sufficiently probative and that, as an evidentiary matter, it should have been presented in the prior appeal. Backer timely appeals.
 
 
 5
 "A motion to reopen must be based upon new material evidence which was not available and which the alien could not have discovered or presented at the prior hearing." Padilla-Agustin, 21 F.3d at 977; 8 C.F.R. Sec. 3.2.
 
 
 6
 In absentia hearings are permissible if the alien had notice of the hearing, an opportunity to attend, and showed no reasonable cause for her failure to appear. 8 U.S.C. Sec. 1252(b)[1]; El Rescate Legal Services, Inc. v. Exec. Off. of Immigr. Rev., 959 F.2d 742, 748-49 (9th Cir. 1992). In order to demonstrate reasonable cause, the petitioner must support the new facts by affidavits or other evidentiary material. 8 C.F.R. Sec. 103.5(a)(2). Statements by counsel are not evidence. See Ramirez-Sanchez, 17 I&N Dec. 503 (BIA 1980).
 
 
 7
 Here, Backer had the choice of filing a motion to remand with the BIA or filing a motion to reopen deportation proceedings with the IJ. Matter of Gonzalez-Lopez, Interim Decision 3198 (BIA 1993). Backer chose to appeal the IJ's decision. Backer's appeal to the BIA was construed as a motion to remand which is treated similarly to a motion to reopen. Rodriguez v. INS, 841 F.2d 865, 867 (9th Cir. 1987). Backer failed to support her appeal with any competent evidence. See Ramirez-Sanchez, 17 I&N Dec. 503 (BIA 1980). Accordingly, the BIA's did not abuse its discretion by denying Backer's motion to reopen. See Padilla-Agustin, 21 F.3d at 973.
 
 
 8
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed. R. App. P. 34(a); 9th Cir. R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36-3
 
 
 [1]
 8 U.S.C. Sec. 1252(b) formerly read as follows: "If an alien has been given a reasonable opportunity to be present at a proceeding under this section, and without reasonable cause fails or refuses to attend or remain in attendance at such proceeding, the special inquiry officer may proceed to a determination in like manner as if the alien were present."