**Avefualevaioleola POGAI, Petitioner,**

v.

**Alberto R. GONZALES, Attorney General, Respondent.**

No. 03–74079.
Agency No. A75–467–554.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Nov. 17, 2005.

Decided Dec. 5, 2005.

David P. McCauley, Esq., Honolulu, HI, Petitioner.

Regional Counsel, Western Region Immigration & Naturalization Service, Laguna Niguel, CA, Ronald E. Lefevre, Chief Legal Officer, Office of the District Counsel Department of Homeland Security, San Francisco, CA, Linda S. Wendtland, Esq., Donald A. Couvillon, Esq., U.S. Department of Justice Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before HAWKINS, McKEOWN, and CLIFTON, Circuit Judges.

## MEMORANDUM *

Petitioner Avefualevaioleola Pogai, a native and citizen of Western Samoa, petitions for review of the Board of Immigration Appeals' affirmance of an order of removal. The Immigration Judge (IJ) found Petitioner removable under 8 U.S.C. § 1227(a)(1)(D)(i) for having entered into a qualifying marriage that was not bona fide under 8 U.S.C. § 1186a. We deny the petition.

◼ The IJ did not violate Petitioner's due process rights in admitting into evidence written statements by Petitioner and her husband admitting that their marriage was one of convenience. Petitioner alleges that the statements were coerced by government investigators. A petitioner alleging coercion must make a prima facie showing that her statements were obtained through "physical abuse, hours of interrogation, denial of food or drink, threats or promises, or interference with any attempt by the [petitioner] to exercise [her] rights." *Matter of Ramirez–Sanchez*, 17 I & N Dec. 503, 506 (BIA 1980). In other words, statements must be "cudgeled from the alien by government authorities." *Choy v. Barber*, 279 F.2d 642, 646 (9th Cir.1960). In this case, Petitioner alleges facts that do not prove coercion. She states that she was interviewed for hours, was intimidated by the investigator's physical size, and was numb and scared. The evidence also shows, however, that petitioner was advised of her rights, given an opportunity to review and make changes to her statement, and excused herself from the investigator's room as she pleased. Petitioner's husband testified that he felt that he was not free to leave the room, but the evidence also shows that similar safe-guards were in place when his statement was taken as well. Thus, her and her husband's written admissions that their marriage was a sham were not coerced and were properly admitted into evidence.

◼ The IJ improperly relied on her own inferences and conjectures in determining whether her marriage was bona fide. *See Damon v. Ashcroft*, 360 F.3d 1084, 1089 (9th Cir.2004) (holding that an IJ's inference that a bona fide marriage should have been solemnized at a church ceremony was improper). In this case, the IJ improperly assumed that the Petitioner, a Mormon, should have had a church wedding. That Petitioner was married at a civil ceremony in no way contributes to an inquiry into the bona fides of Petitioner's marriage. The IJ should not have questioned Petitioner's decision not to have a religious ceremony, and this court will not consider the fact of a civil ceremony as evidence that the marriage was a sham.

◼ Ultimately, however, the IJ's determination that Petitioner's marriage was a sham was supported by substantial evidence. This court reviews an IJ's factual finding that a marriage is a sham under a "highly deferential substantial evidence standard. Under this standard, [this court] must affirm unless the evidence is so compelling that no reasonable fact-finder could fail to find the facts were as [petitioner] alleged." *Smolniakova v. Gonzales*, 422 F.3d 1037, 1044 (9th Cir. 2005) (internal punctuation and citation omitted); *see also* 8 U.S.C. § 1252(b)(4)(B) ("[T]he administrative findings of fact are conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary....."). A qualifying marriage is "a sham if the bride and groom did not intend to establish a life together at the time they were married. The concept of

---

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.

establishing a life as marital partners contains no federal dictate about the kind of life that the partners may choose to lead.... Conduct of the parties after marriage is relevant only to the extent that it bears upon their subjective state of mind at the time they were married." *Bark v. I.N.S.*, 511 F.2d 1200, 1201–02 (9th Cir.1975) (citation omitted). The evidence adduced at Petitioner's hearing showed that the couple maintained separate residences after marriage; inconsistently held themselves out as married to their family, friends, and on employment-related paperwork; and admitted that their marriage was one of convenience to government investigators. Given the totality of the evidence, we cannot conclude that any reasonable fact-finder would be compelled to find that the marriage was bona fide.

PETITION FOR REVIEW DENIED.