NONPRECEDENTIAL DISPOSITION
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted January 10, 2008[*]
Decided February 11, 2008

**Before**

Hon. FRANK H. EASTERBROOK, *Chief Judge*

Hon. KENNETH F. RIPPLE, *Circuit Judge*

Hon. ILANA DIAMOND ROVNER, *Circuit Judge*

No. 07-1187

| | |
|---|---|
| ERMAL TOPI, | Petition for Review of an Order of the |
| *Petitioner*, | Board of Immigration Appeals |
| | |
| *v.* | No. A98-544-632 |
| | |
| MICHAEL B. MUKASEY, Attorney | |
| General of the United States, | |
| *Respondent.* | |

**O R D E R**

Ermal Topi, a native and citizen of Albania, applied for asylum in September 2004,

---

[*] Although this case originally was scheduled for oral argument on January 10, 2008, after receiving the petitioner's January 8, 2008 motion to remand, the court, on its own motion, ordered that oral argument would be vacated and the case was submitted for decision without oral argument to the panel sitting on January 10, 2008. *See* Fed. R. App. P. 34(a)(2).

but failed to appear at his scheduled May 9, 2006 hearing and was removed *in absentia*. He appeals the Board of Immigration Appeals' (BIA's) denial of his motion to reopen.

The basic facts are simple on their face, but became more complicated as the case progressed. After one change of venue from Michigan to Florida, the Chicago Immigration Court scheduled Topi's hearing for May 9, 2006. Sometime around April 21, Topi moved to change venue again, this time to Detroit, Michigan, but the immigration judge did not rule on that motion prior to the hearing. Topi did not appear at the scheduled May 9 hearing and as a consequence, the immigration judge deemed Topi's application for relief withdrawn and ordered him removed *in absentia*. Two weeks later, on May 23, 2006, Topi's counsel filed a motion to reopen the proceedings. The motion consisted solely of the attorney's unverified factual assertions that Topi was living in the Detroit area and had asked a relative to drive him to the hearing and that, although they had left with sufficient time to arrive at the hearing by nine o'clock in the morning, the massive reconstruction project on I-94 in and around Chicago resulted in a complete standstill that prevented him from getting to the courthouse in time. (R. at 45-46). The motion did not contain an affidavit from Topi. As the government pointed out in its brief to this court, the motion contained no evidence at all, as statements in a motion are not evidence and are not entitled to any evidentiary weight. Respondents Brief at 10 (citing 8 U.S.C. § 1229a(c)(7)(B); *In re S-M*, 22 I.&N. Dec. 50, 51 (1998) (en banc); *INS v. Phinpathya*, 464 U.S. 183, 188 n.6 (1984) *superseded on other grounds by statute*, Pub.L. No. 99-603, 100 Stat. 3359 (1986); *In re Ramirez-Sanchez*, 17 I.&N. Dec. 503, 505-06 (1980)).

The immigration judge denied the motion to reopen both because the petitioner failed to present evidence to support the motion and because the facts alleged failed to show the "exceptional circumstances" required to reopen a case before the immigration court. (R. at 41). In his brief to the BIA on appeal, Topi's counsel repeated his earlier factual account and for the first time asserted that Topi did eventually arrive at the immigration court, but had already been ordered removed. Again, counsel offered no evidence for his assertions. The BIA agreed with the immigration judge that Topi had failed to provide evidence in support of his motion to reopen and failed to demonstrate that there were any exceptional circumstances that would allow the immigration court to reopen his removal proceedings. (R. at 2).

Topi appealed to this court which scheduled oral argument for January 10, 2008. In his brief, Topi's new appellate counsel presented an abbreviated version of the same facts – that Topi had "failed to appear in a timely fashion due to unanticipated and extremely adverse traffic conditions." Two days prior to argument however, on January 8, 2008, Topi's counsel filed an astonishing motion to remand, notifying the court that the factual assertions

forming the basis for Topi's argument on appeal "were not accurate." Petitioner's Motion to Remand at p. 1. To say that the assertions were "inaccurate" is an understatement indeed. In an attached affidavit, Topi's new counsel explained that, in preparing for oral argument he "spoke with Mr. Topi regarding additional information that might be raised at oral argument . . . . During that conversation, Mr. Topi indicated to me that the facts in the motion to reopen and the appeal to the Board of [I]mmigration Appeals were not correct and that, in fact, Mr. Topi did not miss the hearing because he was stuck in traffic." *Id.* at affidavit, p.1. According to the affidavit, Mr. Topi explained "that he was in Chicago in time to attend the hearing but that, because his former counsel had not adequately prepared him for the hearing, his former counsel told Mr. Topi that he would go the U.S. Immigration Court and request a continuance." *Id.* at pp. 1-2. Topi's former counsel, however, did not request a continuance. Instead, he allowed Mr. Topi to be removed *in absentia*, and then waited two weeks to file a motion to re-open.

Topi's counsel asked us to remand the case to allow Topi to introduce additional evidence regarding the actual reasons why he failed to appear at the immigration court hearing, and, if necessary, for Topi to pursue appropriate disciplinary action concerning the conduct of his former counsel, Isuf Kola. If Topi's assertions are correct, his former counsel committed a serious ethical breach by filing a motion to reopen with the immigration court and an appeal to the BIA based on facts which he knew were not true. What is less clear is the extent to which Topi is complicit in the alleged falsehoods.

According to Topi, his lawyer had failed to prepare adequately for the hearing and promised to seek a continuance – a promise he promptly broke. Instead, he allowed his client to be removed from this country *in absentia*, and then two full weeks later, filed a motion to reopen based on allegedly false facts. Unlike a continuance which is routinely granted by immigration courts for good cause, *see* 8 C.F.R. § 1003.29 ("The Immigration Judge may grant a motion for continuance for good cause shown."); *see also, e.g., Gjeci v. Gonzales*, 451 F.3d 416, 417 (7th Cir. 2006) (immigration court continued alien's asylum proceedings thirteen times), an order of removal entered *in absentia* can be rescinded only in the narrowest of cases – if the alien did not receive the requisite notice to appear before the immigration judge, or if the failure to appear was due to "exceptional circumstances." 8 U.S.C. § 1229a(b)(5)(c). If the facts pan out as described, the extent of Kola's dishonesty and failings as both an advocate for Topi and an officer of the court were so extreme that it would be surprising indeed if he did not attempt to keep the nature of his actions hidden from his client. Recall that in the motion to reopen, Kola never submitted an affidavit from Topi – a suspicious act from the start. Topi does not get a free pass for the failings or misdeeds of his lawyer, if any; but he may have other remedies. *See Tango Music, L.L.C. v. DeadQuick Music, Inc.*, 348 F.3d 244, 247 (7th Cir. 2003) ("[i]f a party's lawyer is guilty of

professional malpractice . . . , the party has a remedy against him, but it should not be permitted to shift the burden of its agent's neglect to the district court and the defendants"). Under some egregious circumstances, the BIA may allow a petitioner who carefully follows its required procedures to reopen proceedings in order to remedy a lack of effective assistance of counsel. *See In re Lozada*, 19 I.&N. Dec. 637, 638-39 (1988), *aff'd*, 857 F.2d 10 (1st Cir. 1988); *Stroe v. I.N.S.*, 256 F.3d 498, 501 (7th Cir. 2001). Consequently, we issue the following order:

1.      The Petition for Review of the Final Order of Removal of the Board of Immigration Appeals is denied because its factual predicate has been abandoned.

2.      This denial is without prejudice to any other remedy, such as a motion to reopen based on ineffective assistance of counsel, that may be available under applicable law.

3.      A copy of this order will be forwarded to the Illinois Attorney Registration and Disciplinary Committee for such action as it deems appropriate with respect to Topi's counsel before the immigration court and Board of Immigration Appeals, Isuf Kola, of the Law Offices of Isuf Kola Ltd, 800 Roosevelt Rd., Building B Suite 110, Glen Ellyn, IL 60137.

                                                                                    **DENIED**