**JIN MING ZHANG, Petitioner,**

v.

**Eric H. HOLDER Jr., United States**

Attorney General,* Respondent.

No. 08–1775–ag.

United States Court of Appeals,
Second Circuit.

Aug. 18, 2009.

John Chang, New York, NY, for Petitioner.

Michael F. Hertz, Acting Assistant Attorney General, Civil Division; Michael P. Lindemann, Assistant Director, Office of Immigration Litigation; Christopher C. Fuller, Senior Litigation Counsel, Office of Immigration Litigation, Civil Division, United States Department of Justice, Washington, D.C., for Respondent.

PRESENT: DENNIS JACOBS, Chief Judge, ROGER J. MINER, and REENA RAGGI, Circuit Judges.

**SUMMARY ORDER**

Petitioner, Jin Ming Zhang, a native and citizen of the People's Republic of China,

---

* Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Eric H. Holder Jr. is automatically substituted for former Attorney General Michael B. Mukasey as respondent in this case.

seeks review of a March 24, 2008 order of the BIA affirming the February 14, 2007 decision of immigration judge ("IJ") Noel A. Ferris denying his motion to reopen his deportation proceedings. *In re Jin Ming Zhang*, No. A 074 320 860 (B.I.A. Mar. 24, 2008), *aff'g* A 074 320 860 (Immig. Ct. N.Y. City Feb. 14, 2007). We assume the parties' familiarity with the underlying facts and procedural history of the case.

We review the BIA's denial of a motion to reopen for abuse of discretion. *Ali v. Gonzales*, 448 F.3d 515, 517 (2d Cir.2006) (per curiam). Where the BIA considers relevant evidence of country conditions in evaluating a motion to reopen, we review the BIA's factual findings under the substantial evidence standard. *See Jian Hui Shao v. Mukasey*, 546 F.3d 138, 169 (2d Cir.2008).

The BIA did not err in denying Zhang's untimely motion to reopen. An alien may only file one motion to reopen and must do so within 90 days of the final administrative decision. 8 C.F.R. § 1003.2(c)(2). However, there is no time or numerical limitation where the alien establishes materially "changed circumstances arising in the country of nationality." 8 C.F.R. § 1003.2(c)(3)(ii). Additionally, the deadline may be equitably tolled to accommodate claims of ineffective assistance of counsel, so long as the movant has exercised "due diligence" in vindicating his or her rights. *See Cekic v. INS*, 435 F.3d 167, 171 (2d Cir.2006).

## I. Ineffective Assistance of Counsel

■ We see no error in the BIA's conclusion that Zhang failed to exercise due diligence in pursuing his ineffective assistance of counsel claim. *See id.* asserted that his attorney advised him not to attend his deportation hearing, which resulted in him being ordered deported *in absentia*. However, he did not state when he discov-

ered the alleged ineffective assistance of his counsel. Zhang's brief to the BIA asserted that he first discovered the ineffective assistance of his counsel when he consulted with the attorney who filed his motion to reopen. The BIA declined to accord those assertions significant weight because they were raised for the first time on appeal. *See Xiao Ji Chen v. U.S. Dep't of Justice*, 471 F.3d 315, 342 (2d Cir.2006) (finding that the weight afforded to the applicant's evidence in immigration proceedings lies largely within the discretion of the agency); *see also Matter of Ramirez–Sanchez*, 17 I. & N. Dec. 503, 506 (B.I.A.1980) ("Counsel's arguments are not evidence . . . ."). But even if Zhang discovered his prior counsel's ineffective assistance shortly before he filed his motion to reopen, he did not show what steps he took to pursue his case in the nine years that elapsed after he was ordered deported *in absentia*. Therefore, as the BIA found, Zhang failed to demonstrate that he exercised due diligence in pursuing his ineffective assistance of counsel claim. *See Rashid v. Mukasey*, 533 F.3d 127, 132 (2d Cir.2008) (finding no exercise of due diligence where fourteen months elapsed from the time the petitioner knew or should have known of the alleged ineffective assistance).

## II. Changed Country Conditions

■ Additionally, we see no error in the BIA's conclusion that Zhang failed to demonstrate that his untimely filing was excused by changed country conditions. *See* 8 U.S.C. 1229a(c)(7)(C)(ii); *Jian Hui Shao*, 546 F.3d at 169. We have previously reviewed the BIA's consideration of evidence similar to that which Zhang submitted and have found no error in its conclusion that such evidence was insufficient to establish material changed country conditions or an objectively reasonable fear of persecution.

*See Jian Hui Shao,* 546 F.3d at 171 (noting that "[w]e do not ourselves attempt to resolve conflicts in record evidence, a task largely within the discretion of the agency"); *see also Wei Guang Wang v. BIA,* 437 F.3d 270, 275 (2d Cir.2006) (noting that while the BIA must consider evidence such as "the oft-cited Aird affidavit, which [it] is asked to consider time and again[,] ... it may do so in summary fashion without a reviewing court presuming that it has abused its discretion"). Nothing in the record compels the conclusion that the BIA ignored the evidence Zhang submitted or the arguments he made, evidence and arguments that the BIA is asked to consider time and again. *See Xiao Ji Chen,* 471 F.3d at 338 n.17.

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(b).