[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 09-14360
Non-Argument Calendar

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
MARCH 19, 2010
JOHN LEY
CLERK

Agency No. A088-147-526

YUN CHEN,

Petitioner,

versus

U.S. ATTORNEY GENERAL,

Respondent.

_____

Petition for Review of a Decision of the
Board of Immigration Appeals

_____

(March 19, 2010)

Before BARKETT, HULL and MARCUS, Circuit Judges.

PER CURIAM:

Yun Chen, a Chinese national proceeding through counsel, petitions for review of the Board of Immigration Appeals' ("BIA") final order affirming the Immigration Judge's ("IJ") order denying his application for asylum and

withholding of removal under the Immigration and Nationality Act ("INA"), and relief under the United Nations Convention Against Torture and Other Cruel, Inhuman or Degrading Treatment or Punishment ("CAT"). 8 U.S.C. §§ 1158, 1231; 8 C.F.R. § 208.16(c). On appeal, Chen argues that the IJ's adverse credibility determination was not supported by specific, cogent reasons, and that the inconsistencies on record stemmed from translation errors caused by his counsel below, for which he should not be held responsible. After thorough review, we deny the petition.

When the BIA issues a decision, we review only that decision, except to the extent that the BIA expressly adopts the IJ's decision. Al Najjar v. Ashcroft, 257 F.3d 1262, 1284 (11th Cir. 2001). To the extent that the BIA adopts the IJ's reasoning, we review the IJ's decision as well. Id. In this case, the BIA issued a written opinion, and, although it agreed with the IJ's adverse credibility finding and ultimate conclusion, it did not expressly adopt the rest of the IJ's opinion in the analysis. Accordingly, we review both the IJ's and BIA's opinions regarding the adverse credibility determination, but not the underlying merits of Chen's claims because the BIA did not adopt that part of the IJ's opinion. See id.

We review factual findings and credibility determinations under the substantial evidence test. Forgue v. U.S. Att'y Gen., 401 F.3d 1282, 1286 (11th Cir. 2005). Under the substantial evidence test, we must affirm the IJ's and BIA's

2

decisions if they are "supported by reasonable, substantial, and probative evidence on the record considered as a whole." Al Najjar, 257 F.3d at 1284 (quotation omitted). "To reverse a factual finding . . ., [we] must find not only that the evidence supports a contrary conclusion, but that it compels one." Farquharson v. U.S. Att'y Gen., 246 F.3d 1317, 1320 (11th Cir. 2001). The fact that evidence in the record may also support a conclusion contrary to the administrative findings is not enough to justify a reversal. Adefemi v. Ashcroft, 386 F.3d 1022, 1027 (11th Cir. 2004) (en banc).

An alien who arrives in or is present in the United States may apply for asylum. 8 U.S.C. § 1158(a)(1). The Attorney General or Secretary of the Department of Homeland Security has discretion to grant asylum if the alien meets the INA's definition of a "refugee." 8 U.S.C. § 1158(b)(1). A "refugee" is:

> any person who is outside any country of such person's nationality or, in the case of a person having no nationality, is outside any country in which such person last habitually resided, and who is unable or unwilling to return to, and is unable or unwilling to avail himself or herself of the protection of, that country because of persecution or a well-founded fear of persecution on account of race, religion, nationality, membership in a particular social group, or political opinion[.]

8 U.S.C. § 1101(a)(42)(A). The asylum applicant carries the burden of proving statutory "refugee" status. 8 C.F.R. § 208.13(a); Al Najjar, 257 F.3d at 1284. To establish eligibility, the alien must establish, with specific and credible evidence,

3

(1) past persecution on account of a statutorily listed factor, or (2) a well-founded fear that the statutorily listed factor will cause future persecution. 8 C.F.R. § 208.13(a) and (b); Al Najjar, 257 F.3d at 1287.

Regarding withholding of removal, an alien may qualify by showing "it is more likely than not that [the petitioner's] life or freedom would be threatened on account of a statutorily protected factor if returned to [the country of removal]." Silva v. U.S. Att'y Gen., 448 F.3d 1229, 1243 (11th Cir. 2006). This standard is more stringent than the standard for asylum. Sepulveda v. U.S. Att'y Gen., 401 F.3d 1226, 1232 (11th Cir. 2005). Accordingly, an alien who fails to establish eligibility for asylum generally cannot satisfy the higher burden for withholding of removal. Id. at 1232-33.

To qualify for CAT relief, an applicant must also meet standards more stringent than those for asylum eligibility. Rodriguez Morales v. U.S. Att'y Gen., 488 F.3d 884, 891 (11th Cir. 2007). The applicant carries the burden of proof to establish "'that it is more likely than not that he or she would be tortured if removed to the proposed country of removal.'" Sanchez Jimenez v. U.S. Att'y Gen., 492 F.3d 1223, 1239 (11th Cir. 2007) (quoting 8 C.F.R. § 208.16(c)(2)).

Like any finding of fact, a credibility determination may not be overturned unless the record compels it. Forgue, 401 F.3d at 1287. "Indications of reliable testimony include consistency on direct examination, consistency with the written

4

application, and the absence of embellishments." Ruiz v. U.S. Att'y Gen., 440 F.3d 1247, 1255 (11th Cir. 2006). If the IJ and the BIA explicitly determine that the alien is not credible, they must give specific, cogent reasons for the adverse credibility determination. Chen v. U.S. Att'y Gen., 463 F.3d 1228, 1231 (11th Cir. 2006). "The burden then shifts to the alien to show that the IJ's credibility determination was not supported by specific, cogent reasons or was not based on substantial evidence." Id. (quotation omitted). The IJ and the BIA may deny asylum based solely on an adverse credibility determination, especially when the alien does not produce corroborating evidence. Id. However, if an applicant produces evidence other than his testimony, "it is not sufficient for the IJ to rely solely on an adverse credibility determination in those instances." Forgue, 401 F.3d at 1287. "The weaker an applicant's testimony, however, the greater the need for corroborative evidence." Yang v. U.S. Att'y Gen., 418 F.3d 1198, 1201 (11th Cir. 2005).

Here, in denying Chen's application, the IJ made an explicit adverse credibility determination -- with which the BIA agreed -- and offered specific, cogent reasons for the determination. See Chen, 463 F.3d at 1231. As the recod shows, the IJ found and discussed in detail several specific instances of inconsistencies between Chen's argument and the record. The inconsistencies involved: (1) the method of payment to the snakehead who smuggled Chen into the

5

United States; (2) Chen's actual place of residence in the United States; (3) Chen's identity because he failed to comply with fingerprint requirements; (4) the exact year when Chen allowed his friends to practice Falun Gong in the old house; (5) the arrest notice showing the name "Zhen Wu"; and (6) the medical condition which prompted Chen to start practicing Falun Gong. Because the IJ and the BIA provided specific, cogent reasons for their credibility determinations, the burden shifted to Chen to show that the decision was unsupported by such reasons or was not based on substantial evidence. See Chen, 463 F.3d at 1232.

Chen's assertions on appeal fail to satisfy this burden. First, as noted, the record contains numerous material inconsistencies, and, thus, does not support Chen's contention that he had testified consistently and credibly. Second, Chen cannot rely on alleged translation errors by his attorney below to explain the inconsistencies involving the Chinese notice of appeal and the letter from his mother. Indeed, since attorney statements are not considered to be evidence, the record here does not support Chen's claims regarding the allegedly erroneous translations. See Matter of Ramirez-Sanchez, 17 I. & N. Dec. 503, 506 (BIA 1980) (holding that an attorney's arguments are not evidence). Further, Chen's related argument -- that he should not be held responsible for his attorney's errors below -- is without merit because a litigant is generally bound by all acts and omissions of his attorney. See Link v. Wabash R.R. Co., 370 U.S. 626, 633-34 (1962) (holding

that in the context of a negligence action, a party cannot avoid the consequences of the acts or omissions of his freely selected attorney). Finally, because the IJ had already found Chen's corroborating evidence to be unconvincing based on the material inconsistencies between his testimony and evidentiary submissions, the IJ's and BIA's adverse credibility determination alone was sufficient to support the denial of asylum and withholding of removal. See Forgue, 401 F.3d at 1287.

In sum, substantial evidence from the record as a whole supports the IJ's and BIA's adverse credibility determination and does not compel us to draw a different conclusion regarding Chen's asylum and withholding of removal claims. See Farquharson, 246 F.3d at 1320. We therefore deny the petition for review.[1]

**PETITION DENIED.**

---

[1] We also deny Chen's petition for review regarding the CAT claim because he fails to offer an argument challenging the BIA's finding that he had waived the CAT claim below. See Sepulveda, 401 F.3d at 1228 n.2 (holding that an issue is abandoned if the petitioner fails to proffer argument on its merits on appeal).