Huang v. Lynch

BIA
Mulligan, IJ
A087 468 210

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT
# SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 29th day of January, two thousand sixteen.

PRESENT:
> ROBERT A. KATZMANN,
> > *Chief Judge,*
> ROBERT D. SACK,
> GERARD E. LYNCH,
> > *Circuit Judges.*

_____

ZERUI HUANG,
> *Petitioner,*

v.                                    13-2533
                                      NAC

LORETTA E. LYNCH, UNITED STATES ATTORNEY GENERAL,
> *Respondent.*

_____

FOR PETITIONER:        John Chang, New York, New York.

FOR RESPONDENT:        Stuart F. Delery, Assistant Attorney General; Shelley R. Goad, Assistant Director; Monica Antoun, Trial Attorney, Civil Division, Office of Immigration Litigation, United States Department of Justice, Washington D.C.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Zerui Huang, a native and citizen of China, seeks review of a June 21, 2013 decision of the BIA denying her motion to reopen. *In re Zerui Huang*, No. A087 468 210 (B.I.A. June 21, 2013). We assume the parties' familiarity with the underlying facts and procedural history in this case.

We review the BIA's denial of a motion to reopen for abuse of discretion, mindful that such motions are "disfavored." *Ali v. Gonzales*, 448 F.3d 515, 517 (2d Cir. 2006) (citing *INS v. Doherty*, 502 U.S. 314, 322-23 (1992)).

A motion to reopen "shall not be granted unless it appears to the Board that evidence sought to be offered is material and was not available and could not have been discovered or presented at the former hearing." 8 C.F.R. § 1003.2(c)(1). "To prevail on the motion, the movant must also establish *prima facie* eligibility for asylum, *i.e.*, 'a realistic chance' that he will be able to establish eligibility." *Poradisova v. Gonzales*, 420 F.3d 70, 78 (2d Cir. 2005).

2

The BIA did not abuse its discretion in concluding that Huang could have presented most of his submissions at his merits hearing.  Nor did the BIA abuse its discretion in concluding that the remaining documents failed to make out Huang's *prima facie* eligibility for relief.

Huang was required to "make some showing that authorities in his country of nationality are either aware of his activities or likely to become aware of his activities."  *Hongsheng Leng v. Mukasey*, 528 F.3d 135, 143 (2d Cir. 2008).  The only suggestion on that score was a single unsubstantiated sentence in Huang's motion to reopen: "Mr. Huang was told by his parents that the church members have to constantly change their gathering places in order to avoid the government's attention."  A motion to reopen must "be supported by affidavits or other evidentiary material." 8 C.F.R. § 1003.2(c)(1).  "[T]he arguments of counsel are not evidence."  *Pretzantzin v. Holder*, 736 F.3d 641, 651 (2d Cir. 2013) (citing  *Matter of Ramirez-Sanchez*, 17 I. & N. Dec. 503, 506 (B.I.A. 1980)).  The agency therefore did not err in deeming the sentence in Huang's brief "not competent evidence" that the Chinese government will become aware of Huang's activities.

3

Huang also needed "to show a pattern or practice in the home country of persecution of persons 'similarly situated' to [him]." *Y.C. v. Holder*, 741 F.3d 324, 334 (2d Cir. 2013). Only three of Huang's documents post-date his merits hearing. Two of those documents reported on arrests after an underground church in Beijing held Easter services outdoors. Huang's motion said nothing about this church or any ties to Beijing generally. The third document describes the Chinese government's persecution of leading Christians in 2012. Most of the stories involved prominent lawyers, dissidents and church leaders. Huang never claimed to be any of those. Two stories dealt with proselytizing Christians. Huang's motion papers said nothing about proselytizing, either in the United States or China. Given this record, the agency was within its discretion to conclude that Huang failed to show that the Chinese government has a pattern or practice of persecuting people similarly situated to him.

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, the pending motion for a stay of removal in this petition is DENIED as moot.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

4