# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 15-60379
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

May 23, 2016

Lyle W. Cayce
Clerk

MEHRZAD ASADI EIDIVAND,

Petitioner

v.

LORETTA LYNCH, U. S. ATTORNEY GENERAL,

Respondent

Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A205 063 454

Before SMITH, BENAVIDES, and HAYNES, Circuit Judges.

PER CURIAM:*

Mehrzad Asadi Eidivand, a native and citizen of Iran, petitions for review of the order of the Board of Immigration Appeals (BIA) dismissing his appeal from the Immigration Judge's (IJ) order denying his motion to reopen immigration proceedings. Prior to the conclusion of his removal proceedings, Asadi Eidivand withdrew his pending asylum application and requested, and was granted, pre-conclusion voluntary departure in lieu of removal. Both the

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 15-60379

order and the notice of voluntary departure, which was signed by Asadi Eidivand, his attorney, and the IJ, advised Asadi Eidivand of the consequences of failing to voluntarily depart within the specified time period and of filing a motion to reopen or reconsider during the voluntary departure period.  During the voluntary departure period, Asadi Eidivand filed a motion to reopen removal proceedings on the basis that the IJ's grant of pre-conclusion voluntary departure was ultra vires because, as an applicant for admission, he was ineligible for such relief and that his former counsel rendered ineffective assistance.

The IJ concluded that Asadi Eidivand failed to comply with the requirements of *Matter of Lozada*, 19 I. & N. Dec. 637 (BIA 1988), and denied the motion.  The BIA agreed that Asadi Eidivand failed to comply with *Lozada*'s requirements and dismissed the appeal.  Now, Asadi Eidivand argues that the IJ's grant of voluntary departure was unlawful, that both the BIA and the IJ erred in concluding that he failed to comply with *Lozada*, and that he was prejudiced by the denial of his motion to reopen.

Because the BIA did not address Asadi Eidivand's ultra vires claim or uphold the IJ's denial of the motion to reopen on the basis of that claim, we refrain from addressing it here.  *See Enriquez-Gutierrez v. Holder*, 612 F.3d 400, 407 (5th Cir. 2010); *Dong Sik Kwon v. INS*, 646 F.2d 909, 916 (5th Cir. 1981).

As for Asadi Eidivand's claims regarding the denial of his motion to reopen, we review those claims under a "highly deferential abuse-of-discretion standard." *Rodriguez-Manzano v. Holder*, 666 F.3d 948, 952-53 (5th Cir. 2012) (internal quotation marks and citation omitted).  We will affirm a BIA's ruling "so long as it is not capricious, racially invidious, utterly without foundation in the evidence, or otherwise so irrational that it is arbitrary rather than the

result of any perceptible rational approach." *Zhao v. Gonzales*, 404 F.3d 295, 304 (5th Cir. 2005) (internal quotation marks and citation omitted).

An alien may raise ineffective assistance of counsel as a ground for reopening a deportation case "in 'egregious circumstances.'" *Mai v. Gonzales*, 473 F.3d 162, 165 (5th Cir. 2006) (quoting *Lozada*, 19 I. & N. Dec. at 639). However, as a procedural prerequisite for the BIA to consider a claim of ineffective assistance of counsel, an alien must provide (1) his own affidavit attesting to the facts, including a statement of the terms of the attorney-client agreement; (2) evidence that counsel was informed of the ineffectiveness allegations and allowed an opportunity to respond; and (3) evidence of a disciplinary filing against the offending attorney or an explanation as to why a grievance was not filed. *Lozada*, 19 I. & N. Dec. at 639. The BIA does not abuse its discretion by requiring compliance with *Lozada. Lara v. Trominski,* 216 F.3d 487, 497-98 (5th Cir. 2000).

The BIA did not abuse its discretion in this case. None of the exhibits filed with Asadi Eidivand's motion to reopen reflect that former counsel was informed of Asadi Eidivand's allegations of ineffective assistance and none reflect that a grievance was in fact filed. *See Lozada*, 19 I. & N. Dec. at 639. Indeed, the motion to reopen, in relevant part, stated only that a bar complaint had been filed and the following: "Mr. Asadi's affidavit and accompanying documents set forth his agreement with and representations by Ms. Ahmed; he has informed Ms. Ahmed of his complaint by providing a copy of his filed grievance, giving her an opportunity to respond." No evidence was presented to support these statements, and counsel's statements alone do not constitute evidence. *See Matter of Ramirez-Sanchez*, 17 I. & N. Dec. 503, 506 (BIA 1980). Moreover, although Asadi Eidivand presented evidence for the first time before the BIA in support of his contention that he complied with *Lozada*, there was

No. 15-60379

no error in the BIA's decision not to consider that evidence.  Because the BIA is barred from making findings of fact, *see* 8 C.F.R. § 1003.1(d)(3)(iv), the record on appeal to the BIA is limited to the record before the IJ.  *See Enriquez-Gutierrez*, 612 F.3d at 409-10.

Thus, the BIA's dismissal of Asadi Eidivand's appeal from the denial of his motion to reopen on the basis that Asadi Eidivand failed to satisfy the threshold procedural requirements of *Lozada* was not "so irrational that it is arbitrary rather than the result of any perceptible rational approach."  *Zhao*, 404 F.3d at 304 (internal quotation marks and citation omitted).  Accordingly, we do not address the merits of Asadi Eidivand's ineffective assistance of counsel claims or whether Asadi Eidivand suffered any prejudice as a result.

The petition for review is DENIED.